35662.   FELLTON *v.* ORKIN EXTERMINATING CO.,
INC., *et al.*

DECIDED JUNE 13, 1955.

*Moreton Rolleston, Jr., Thomas B. Branch, Jr.,* for plaintiff in error.

*Moise, Post & Gardner, McKenzie, Kaler & Shuman,* contra.

NICHOLS, J. 1. This is a tort action based upon a conspiracy. The conspiracy was to drive the plaintiff from the employ of the defendant corporation, to prevent him from becoming a competitor to the corporation, and to ruin his prestige in the pest-control business. "Conspiracy is the combination of two or more persons to do (a) something that is unlawful, oppressive, or immoral; or (b) something that is not unlawful, oppressive, or immoral, by unlawful, oppressive, or immoral means; (c) something that is unlawful, oppressive, or immoral by unlawful, oppressive, or immoral means." *Brown & Allen* v. *Jacobs' Pharmacy Co.,* 115 *Ga.* 429, 433 (41 S. E. 553, 57 L. R. A. 547, 90 Am. St. R. 126); *Patterson Pope Motor Co.* v. *Ford Motor Co.,* 66 *Ga. App.* 41 (1) (16 S. E. 2d 877). "In civil actions a conspiracy alone will not support a cause of action. Pursuant to the conspiracy there must be acts or means by which the scheme conceived in the conspiracy is given effect, and damages must result which flow from and have their causal connection in the conspiracy, save that when special damages are shown to result, punitive damages may inhere in the cause of action. Where a contract between one of the conspirators and the intended victim is employed, without the knowledge of the latter, as the means of effectuating the scheme previously conceived in the conspiracy, such contract is clothed in fraud; and where the ultimate consummation of the scheme is dependant on and is cloaked

in the exercise of a right expressly provided by the contract, neither the color nor the immunity of contract will save the act from the ingredient of tort." *Patterson-Pope Motor Co.* v. *Ford Motor Co.,* supra. The plaintiff contends that the action at hand falls within the category of the headnotes quoted above. The plaintiff requested an employment contract, and thereafter the parties entered into such contract. The plaintiff alleges that the defendant corporation seized this opportunity and the contract was used by the defendant corporation as a part of the conspiracy to keep him from entering into competition with the defendant corporation by inserting into the contract a restrictive covenant that would prohibit the plaintiff from entering into such competition for a period of two years after the contract was terminated, and that after such period of time the plaintiff's prestige in the pest-control business would be destroyed. The petition alleges that the treatment complained of by the plaintiff began during the summer of 1952, before the contract was entered into. At that time the plaintiff could have been fired at any time by the defendant corporation, for no contract was in existence between the parties. Code § 66-101. The plaintiff contends that the contract was actually breached by the defendant corporation. The restrictive covenants could not be enforced against the plaintiff if the contract was breached by the defendant corporation. The plaintiff could not be kept from becoming a competitor to the defendant corporation for the two-year period and thereby ruin his prestige in the pest-control business. "The gist of the action is not the conspiracy, but the tortious act perpetrated, and the damage flowing therefrom." *King* v. *Citizens Bank of DeKalb,* 88 *Ga. App.* 40, 44 (76 S. E. 2d 86). See also *Woodruff* v. *Hughes,* 2 *Ga. App.* 361 (58 S. E. 551); *Wall* v. *Seaboard Air-Line Railroad,* 18 *Ga. App.* 457 (2) (89 S. E. 533). The petition does not show that the plaintiff was injured by the conspiracy, for, to prohibit the plaintiff from entering business as a competitor, the defendant corporation would have had to comply with the terms of the employment contract, and not breach it as it is alleged to have done. Accordingly, there is no merit in the contention that the trial court erred in sustaining the general demurrer to count one of the petition.

2. The plaintiff argues that count two of the petition is based upon the law as set forth in the case of *Luke* v. *Dupree,* 158 *Ga.* 590, 595 (124 S. E. 13 ), where it was said: "It is actionable maliciously or without justifiable cause to induce one to break his contract with another to the damage of the latter." The petition in this count alleges that the conspiracy was to make the plaintiff resign or otherwise leave the employ of the defendant corporation, so that he, the plaintiff, would breach the employment contract entered into between the plaintiff and the defendant corporation and thereby deprive him from becoming a competitor of the defendant corporation for a sufficient length of time to ruin his prestige and position in the pest-control business. The conspiracy, as alleged in count two of the petition, was never carried out, for it is alleged that the defendant corporation, not the plaintiff, breached the contract. The plaintiff was not induced to breach the contract. Instead of alleging, as· set out in *Duke* v. *Dupree,* supra, that a person was induced to break his contract with another to the damage of the latter, count two alleges that there was a conspiracy to have the plaintiff break his contract to his own damage; but even so, the petition alleges that the defendant corporation, not the plaintiff, breached the contract to the damage of the defendant, since there was an unexpired contract on which the plaintiff might have brought an action. The trial court did not err in sustaining the general demurrer to count two of the petition.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*