## 63888. GLOBAL ASSOCIATES, INC. v. PAN AMERICAN COMMUNICATIONS, INC.

QUILLIAN, Chief Judge.

Plaintiff, Global Associates, Inc., entered into a telephone equipment purchase agreement with the defendant — Pan American Telecommunications, Inc. Plaintiff filed this complaint on July 24, 1981, alleging Pan American breached its contract by installing substitute equipment not called for by the contract. Pan American was served July 31, 1981, and failed to file an answer. The case went into default on August 31, 1981. The default was not opened during the fifteen day grace period granted by Code Ann. § 81A-155 (a) (CPA § 55 (a); Ga. L. 1966, pp. 609, 659, as amended through 1981, p. 769). On September 28, 1981, Pan American filed a Motion to Open Default under Code Ann. § 81A-155 (b), "based on the Affidavit attached hereto and the pleadings in this case . . ." Counsel's affidavit was under oath and showed Pan American had filed an action against Global Associates on July 30, 1981, "noting the date to answer the complaint in this case I wrote down on my calendar September 30th when in fact it was due August 30, 1981 . . . Pan American is ready to plead instanter, and to hereby announce ready to proceed to the trial."

At a subsequent hearing on the motion the trial court noted that Pan American had paid costs, and took judicial notice of the pleadings in Pan American Telecommunications, Inc. v. Global Associates, Inc., in his court and found "since the facts of the verified complaint in that suit and the complaint in the above-styled suit are virtually the same . . . when taken as a part of the whole transaction sets forth what could be a meritorious defense to the complaint in this action. Furthermore, since these two separate lawsuits involve the

same facts and ought to be tried together" the court exercised "its broad power to open defaults as provided in *Axelroad v. Preston,* 232 Ga. 836 (1974), in order to insure that justice is done." We granted plaintiff's application for interlocutory appeal. *Held:*

1. Global contends the trial court erred in opening Pan American's default where its motion failed to set up a meritorious defense. In its second enumeration Global argues that the court erred in taking judicial notice of the record in another case in the same court without its formal introduction in evidence. We agree with both allegations of error and reverse.

(a) "In the trial of a case in the superior court the court can no more take judicial notice of the record in another case in the same court, without its formal introduction in evidence, than if it were a record in another court." *Altman v. Florida-Ga. Tractor Co.,* 217 Ga. 292 (3) (122 SE2d 88); accord, *Ga. Cas. &c. Co. v. Reville,* 95 Ga. App. 358, 362 (2) (98 SE2d 210); *Boston Ins. Co. v. Barnes,* 120 Ga. App. 585 (1) (171 SE2d 626); *Spearman v. Jaudon,* 145 Ga. App. 136 (243 SE2d 90); see also 1 Black on Judgments (2d Ed.) 538, § 347. It was error for the trial court to judicially notice the pleadings of another case even though it was between the same parties and in his court. Because the pleadings of defendant's complaint were not introduced in evidence, they were not included in the record of this case, and we have no means of reviewing the determination of the trial court that they constituted a viable defense to the instant action.

(b) Code Ann. § 81A-155 (b), which provides for opening defaults, is a recodification of Code Ann. § 110-404 (Code § 110-404; Ga. L. 1946, pp. 761, 778). Both of our appellate courts have held that the law on opening defaults is unchanged by the CPA, therefore we may consider cases which predate our current CPA § 55. *Grandpa's Store v. City of Norcross,* 247 Ga. App. 350, 351 (275 SE2d 59); *Ezzard v. Morgan,* 118 Ga. App. 50, 53 (162 SE2d 793). "For the requested relief to be granted, there must be a motion, meritorious defense, a legal excuse for late filing, and payment of costs." *Taurus Productions v. Maryland Sound Industries,* 155 Ga. App. 147, 148 (270 SE2d 337). "In order to allow the default to be thus opened, the showing shall be made under oath . . ." Code Ann. § 81A-155 (b). The usual method of such "showing" is an affidavit of counsel on the merits — under oath. "[A]n affidavit framed under this rule must be very full and explicit, and must not omit any of the particulars just mentioned." 1 Black on Judgments (2d Ed.) 539, § 347. "Without the necessity for considering other defects in the motion, its failure to show a meritorious defense is alone fatal to appellants' cause . . . [Cits.] Moreover, this requirement is a condition precedent; in its absence, the trial judge had no discretion to open the default."

*Coleman v. Dairyland Ins. Co.,* 130 Ga. App. 228, 229 (202 SE2d 698); accord, *Wallis v. McMurray,* 91 Ga. App. 549 (1) (86 SE2d 529); *Ga. Hwy. Express Co. v. Do-All Chemical Co.,* 118 Ga. App. 736 (165 SE2d 429); *Johnson v. Dockery,* 222 Ga. 569 (150 SE2d 921). In the absence of any meritorious defense being set forth in the affidavit accompanying the motion, and the pleadings in the related case of the defendant not being admissible in evidence in the hearing, the motion is fatally defective.

2. We need not reach the last enumerated error alleging lack of a legal excuse for defendant's failure to answer. See *McMurria Motor Co. v. Bishop,* 86 Ga. App. 750, 755 (72 SE2d 469); *Swain v. Harris,* 101 Ga. App. 263 (3) (113 SE2d 467); *Early Co. v. Bristol Steel &c. Works,* 131 Ga. App. 775, 776 (206 SE2d 612); 1 Black on Judgments (2d Ed.) 520, § 340.

*Judgment reversed. Shulman, P. J., and Carley, J., concur.*

DECIDED JULY 8, 1982 —
REHEARING DENIED JULY 28, 1982.

*Donald E. Loveless,* for appellant.
*Paul Oliver,* for appellee.