73167. COLE et al. v. SMITH et al.
73168. KIMBALL v. SMITH et al.
73280. COHEN et al. v. SMITH et al.
73281. ROWLAND v. SMITH et al.
(354 SE2d 835)

BANKE, Presiding Judge.

In 1970, Henry T. and Nelle V. Smith, the appellees in each of the four appeals considered herein, leased certain real property to Eli Cohen, J. Henry Rowland, Jr., Larry Kimball, and Melvin Cohen, who are among the various appellants. In 1974, these original lessees assigned their interests to Ralph Torrance, Alfred Cole, Sr., James Torrance, Jr., and J. Henry Rowland, Jr., giving the latter the status of both an original lessee and an assignee. The rights and obligations of the parties are set out in documents referred to by them as the "Base Lease and Separate Lease Agreement No. 1." Under the terms of these agreements, the original lessees were to remain liable to the owners after assignment of their interests.

A dispute arose between the appellee-owners and the assignees concerning the owners' entitlement to certain revenues generated by subleases of the property. On April 18, 1977, the owners filed a petition for declaratory judgment against the assignees to determine whether, as part of the gross rental due them under the agreements, they were entitled to a percentage of certain fees which the assignees had been collecting from their sub-tenants for parking and other services. On March 28, 1978, the trial court granted a motion by the

assignees for summary judgment with respect to this claim, noting in its order that although the owners and their counsel had been notified of the hearing on the motion for summary judgment, they had not attended it. He then dismissed the action. In January of 1981, the owners moved to vacate this dismissal order, and in August of 1982, the trial court denied that motion. The owners filed a notice of appeal from the latter ruling but subsequently withdrew the appeal.

On November 2, 1982, the owners filed the present action against the assignees, seeking to recover certain amounts allegedly due them as rent under the "Base Lease and the Separate Lease Agreement." The owners also sought in this action to recover $750,000 in damages allegedly suffered by them as the result of the assignees' default on certain construction loans to which the owners had subordinated their interest in the property. In February of 1983, Larry Kimball and Melvin Cohen were joined as defendants in this action based on their alleged involvement in the transaction as original lessees, with Cohen being joined both individually and as executor of the estate of Eli Cohen. On October 17, 1984, the trial court granted the owners' motion to strike the answers filed by Cohen based on his failure to respond to discovery; and, on November 22, 1985, the court entered default judgment against him, in both his individual and representative capacity, for $905,460.77, the amount prayed for in the complaint. Upon a specific finding that there was no just reason for delay, this judgment was declared to be final, and thus directly appealable pursuant to OCGA § 9-11-54 (b). Additionally, the trial court granted a motion by the owners to dismiss certain counterclaims which had been filed by the assignees, based on a determination that those claims were barred by the applicable statute of limitation. Finally, the court denied motions by the assignees to dismiss the complaint based on the owners' failure to pay costs in the first lawsuit and on the doctrine of res judicata. These appeals followed.

Case No. 73167 is an appeal by Alfred Cole, Sr., Ralph Torrance, and James Torrance, Jr., as assignees of the lease agreements. These appellants enumerate as error: (1) The trial court's failure to dismiss the action for nonpayment of the costs of the first lawsuit (i.e., the declaratory judgment action); (2) the court's failure to dismiss the action on grounds of res judicata; (3) the dismissal of their counterclaims based on the running of the statute of limitation; and (4) the entry of judgment against Cohen, in his individual and representative capacity, prior to a final adjudication of the merits of the remaining claims against the non-defaulting defendants.

Case No. 73168 is an appeal by the executrix of the estate of Larry Kimball, one of the original lessees, asserting as error the trial court's refusal to dismiss the action based on the owners' failure to pay the costs of the first lawsuit.

Case Nos. 73280 and 73281 are appeals by Melvin Cohen, individually and as executor of the estate of Eli Cohen, and by J. Henry Rowland Jr., respectively. These appellants, in their capacity as original lessees, raise the same issues raised by the assignee-appellants in Case No. 73167. *Held:*

1. Initially, it is contended that the present action is barred both by the failure of the appellee-owners to pay the costs of the declaratory judgment action pursuant to OCGA § 9-11-41 (d) and by the doctrine of res judicata. See generally OCGA § 9-12-40 et seq.

Counts 1, 2, and 3 of the amended complaint in the present action seek to recover rental payments allegedly owed to the appellees under the lease agreements. The remaining count is based on the assignees' alleged default on loans secured by the property, resulting in the appellees' loss of their residual interest in the property by foreclosure on June 7, 1977.

Pretermitting the question of whether the claims for back rent asserted in the present action are barred by the appellees' failure to pay the costs of the previous action, we conclude that these claims are barred by the doctrine of res judicata and/or collateral estoppel. See generally *Norris v. Atlanta & West Point R. Co.*, 254 Ga. 684 (333 SE2d 835) (1985). It is apparent from a review of the pleadings in both suits that a ruling on the merits in the declaratory judgment action would have resolved all of the contested issues in the present action regarding the claims for back rent. As previously indicated, the trial court's order dismissing the declaratory judgment action was based on its prior order granting the assignees' motion for summary judgment. It is therefore evident that the merits of the claim were in fact adjudicated. In any event, because the court's dismissal order was entered in March of 1978, and because it did not specify to the contrary, it must be deemed to have operated as an adjudication on the merits pursuant to former Code Ann. § 81A-141 (b) (Ga. L. 1966, p. 609, § 41), even if, instead of reaching the merits of the controversy, the trial court based the dismissal on the appellees' failure to appear at the summary judgment hearing. See *Douglas v. Douglas*, 238 Ga. 452 (233 SE2d 195) (1977). (In 1982, four years after the entry of the order in question, § 41 (b) of the CPA was amended to eliminate the "with prejudice" effect of a dismissal for failure to prosecute. See OCGA § 9-11-41 (b); Ga. L. 1982, p. 784, §§ 1, 2.)

The remaining count of the appellees' complaint in the present action seeks recovery of the damages allegedly flowing from the foreclosure of their residual interest in the property. Clearly, the issues underlying this claim could not have been put in issue in the earlier action, as the earlier action was filed prior to the date of the foreclosure. It follows that this claim is not barred by the doctrines of res judicata or collateral estoppel, and, for the same reason, we conclude

that it lacks the necessary identity with the declaratory judgment claim to warrant its dismissal pursuant to OCGA § 9-11-41 (d), based on the appellees' asserted failure to pay the costs of the declaratory judgment action. See generally *Hilliard v. Edwards*, 169 Ga. App. 808 (1) (315 SE2d 39) (1984).

For the foregoing reasons, we hold that the trial court erred in failing to dismiss Counts 1, 2, and 3 of the amended complaint but did not err in failing to dismiss Count 4.

2. As originally pled, the counterclaims filed by the appellant-assignees alleged that the owners had engaged in an intentional course of conduct designed to interfere with the assignees' relations with certain third-party lenders. In support of this claim, it was specifically alleged that the owners had: (1) Intentionally tried to create circumstances which would cause uncertainty as to the assignees' rights under the lease agreements; (2) taken unreasonable and patently illegal positions concerning the meaning and construction of certain provisions of the lease agreements; (3) wrongfully refused to cooperate in the execution of papers and documents necessary to permit the renegotiation of the debts to the third-party lenders; (4) published statements to the lenders intended to create a lack of confidence in the assignees; and (5) procured or attempted to procure through negotiations with the lenders the elimination of the assignees' leasehold interest in the property.

The trial court dismissed these counterclaims based on a determination that they were subject to the 4-year limitation period applicable to tort actions for intentional interference with contractual relationships (OCGA § 9-3-31) rather than the 6-year period generally applicable to actions for breach of written contracts (OCGA § 9-3-24). We agree with the trial court that what was alleged in the original counterclaims was tortious interference with property rights rather than a breach of any contractual obligation. See generally *Luke v. Dupree*, 158 Ga. 590 (2) (124 SE 13) (1924); *Fellton v. Orkin Exterminating Co.*, 92 Ga. App. 186 (1) (88 SE2d 463) (1955). We accordingly hold that, as originally pled, the counterclaims were subject to dismissal based on the running of the applicable statute of limitation.

Subsequent to the filing of the owners' motion to dismiss the counterclaims, the assignees filed amendments in which they specifically characterized the actions described in the original counterclaims as constituting a breach of the owners' obligations under the lease agreements. However, these amendments do not purport to specify the alleged contractual obligation or obligations involved. Rather, their effect is to simply label the owners' previously alleged tortious misconduct as a breach of contract. While we agree with the appellant-assignees that they were entitled to file the amendments pursuant to OCGA § 9-11-15 (a), and while we acknowledge that pleadings

are to be construed most favorably towards the pleader (see generally *DeKalb County v. Ga. Paperstock Co.*, 226 Ga. 369 (1) (174 SE2d 884) (1970)), we hold that these amendments were not sufficient, under the circumstances, to raise a cognizable claim based on breach of contract and thus that they were not sufficient to avoid the dismissal of the counterclaims based on the running of the statute of limitation.

3. It is asserted that the trial court erred in entering judgment against the defaulting defendants in the amount of $905,460.77 prior to an adjudication of the merits of the claims against the non-defaulting defendants, and also that there was no evidence to support such an award of damages. Since we have concluded in Division 1 above that the trial court erred in failing to dismiss Counts 1, 2, and 3 of the amended complaint, only the damages relating to Count 4 are relevant for further consideration. In Count 4, the appellees sought and were awarded $750,000, which allegedly represented the value of their residual interest in the leased property which was lost to them by foreclosure.

The Supreme Court has held unequivocally that the possibility that a non-defaulting defendant may ultimately prevail on the merits of the same claim asserted against a defaulting defendant creates no bar to the entry of judgment against the defaulting defendant, regardless of whether the alleged liability is joint or several. See *Fred Chenoweth Equip. Co. v. Oculus Corp.*, 254 Ga. 321 (328 SE2d 539) (1985). We thus proceed to the question of whether there is evidentiary support in the record for the amount of damages awarded by the trial court.

OCGA § 9-11-55 (a) provides that where a defendant is in default, the plaintiff is entitled to verdict and judgment "as if every item and paragraph of the complaint . . . were supported by proper evidence, without the intervention of a jury, *unless the action is one ex delicto or involves unliquidated damages, in which event, the plaintiff shall be required to introduce evidence and establish the amount of damages before the court without a jury*, with the right of the defendant to introduce evidence as to damages and the right of either to move for a new trial in respect of such damages." (Emphasis supplied.) See *Flanders v. Hill Aircraft &c. Corp.*, 137 Ga. App. 286 (223 SE2d 482) (1976).

The alleged damage suffered by the appellees as the result of the loss of their residual interest in the property due to the foreclosure was clearly unliquidated, and the appellees introduced no evidence whatever to establish the amount of such damages. We reject the appellees' argument that the appellants themselves provided such evidence by their failure to respond to certain requests for admission, in which they had been called upon to admit that the appellees had suf-

fered damages in the amount of $750,000 as a result of the foreclosure. While admissions resulting from a party's failure to respond to requests for admission are, like admissions in pleadings, generally considered conclusive until withdrawn (see *Stone v. Lenox Enterprises*, 176 Ga. App. 696, 698 (337 SE2d 451) (1985)), a party obviously has not the capacity to admit something which is patently outside the realm of his knowledge. The appellants in this case were no more in a position to "admit" the amount of damages sustained by the appellees as a result of the foreclosure than a defendant in a personal injury action would be in a position to admit the amount of pain and suffering suffered by the plaintiff. It is precisely for this reason that an award of damages in such cases must be supported by evidence, even though the defendant is in default. With respect to Count 4 of the amended complaint, the award of damages to the appellees based on Cohen's default is consequently vacated, and the case is remanded for a proper evidentiary hearing on the issue of damages.

*Judgment affirmed in part, vacated and remanded in part, and reversed in part. Birdsong, C. J., and Sognier, J., concur.*

DECIDED JANUARY 7, 1987 —
REHEARING DENIED JANUARY 27, 1987 —

*James L. Paul, Gary A. Barnes*, for appellants (case no. 73167).
*Jack F. Witcher, John W. Kilgo*, for appellant (case no. 73168).
*O. Jackson Cook*, for appellants (case nos. 73280, 73281).
*Robert O. Smith*, for appellees.