74084. UNITED STATES ELEVATOR CORPORATION
v. SMYRNA HOSPITAL.
(357 SE2d 322)

BIRDSONG, Chief Judge.

Default Judgment — Excusable Neglect. The facts relevant to this appeal show that U. S. Elevator had installed elevators in the Smyrna Hospital and was responsible for maintenance of the same. On September 8, 1984, a fire occurred in the elevator control room causing substantial property damage. By letter dated December 14, 1984, U. S. Elevator was advised by the hospital administrator that the hospital was of the opinion the fire was caused by improper maintenance by U. S. Elevator and sought to recover its losses. Apparently U. S. Elevator concluded the fire was caused by improper wiring which was not within the area of responsibility of U. S. Elevator. As a

result the hospital filed suit against U. S. Elevator. Process was served upon U. S. Elevator's Atlanta agent on April 30, 1986. The process was forwarded by the agent for service to the parent company of U. S. Elevator, the Cubic Corporation, in California. Depending on the size of the alleged claim, Cubic as a self-insurer would either process the complaint directly to an attorney of its choosing or if a large claim, it would refer the process to one of several excess insurers or to a claim handler. This decision was made by Cubic's risk manager and more specifically by the risk manager's secretary. When Smyrna Hospital's complaint was received in Cubic's headquarters on or about May 6, 1986, the secretary misread the complaint. The complaint alleged the contract had been consummated between the parties in 1982. However, the secretary misconstrued the complaint to say the fire damage had occurred in 1982 whereas in fact the complaint plainly alleged the damage occurred in 1984. As a result of the misreading of the complaint, the document was referred to an excess insurer that handled losses occurring during the year 1982. It is clear that after the complaint was forwarded to the excess insurer on May 6, 1986, no further efforts were made by Cubic to follow up or ascertain if the complaint had been answered within the requisite 30 days or an extension thereof granted by the court or with the consent of the opposing party. On June 23, 1986, 53 days after the process had been served in Atlanta, the hospital moved to place the case on the next available default calendar.

No further action was taken until August 20, 1986, when Cubic's excess insurer to whom it had referred the process informed Cubic that the case was not within its 1982 case responsibility and it would not take action to defend the suit. Cubic then established its own case file and referred the matter to an attorney in the Atlanta area. The file was forwarded to the Atlanta attorney on September 3, 1986, thirteen days after being notified that no answer had been filed by its excess insurer.

Upon receipt of the process by the Atlanta attorney, a motion was filed on behalf of U. S. Elevator/Cubic to open the default. This was resisted by the hospital. The trial court found as a matter of fact and law that though the default was the result of inadvertence, it also concluded the inadvertence was not the result of excusable neglect. The trial court denied the motion to open the default and entered judgment upon the default in the amount of damages requested by the hospital. U. S. Elevator brings this appeal urging the trial court abused its discretion in concluding the inadvertent failure to file a timely answer was not the result of excusable neglect. *Held*:

It is not arguable as a proposition of law that the decision whether to open a default judgment falls squarely within the discretionary powers of the trial court granting or denying the same. The

exercise of this discretionary power should not excite interference by a reviewing court unless the trial court manifestly abuses the discretion vested within it. *Taurus Productions v. Md. Sound Indus.*, 155 Ga. App. 147, 148 (2) (270 SE2d 337). In this case, U. S. Elevator premised its motion to open default upon excusable neglect. That neglect is reflected first by the misreading of a secretary of the complaint and then compounding the mistaken reading by erroneously referring the complaint to an excess insurer who had no responsibility to prepare a defense. The neglect continued when the risk manager and his secretary, at least one of whom should have been aware that the answer or a granted delay had to be filed or obtained in slightly more than three weeks in order to avoid a default, failed to make any follow up even after the passage of more than 75 days. In point of fact, for all the record shows the parent company (Cubic) apparently would have done nothing further in the case had not the excess insurer informed Cubic that the excess insurer would not defend the case. Even after being informed that an answer would not be filed by the excess insurer, Cubic established a case file but did not assign the case for a defense until the passage of almost two more weeks.

In order for this court to intervene in this proceeding, we must find as a matter of law that there is nothing less than reasonable evidence of excusable neglect on the part of Cubic and U. S. Elevator and that perforce the trial court acted arbitrarily and abused its discretion. While there is evidence offered by Cubic and U. S. Elevator showing that this process and complaint simply got lost in a bureaucratic morass, the evidence also shows there were no apparent safeguards to prevent such errors nor did Cubic or U. S. Elevator take steps to prevent the occurrence of what eventually did occur. While we may not have found an abuse of discretion by the trial court in opening the default, neither can we find an abuse of discretion in refusing to open the default. In short there is ample and convincing evidence to support the trial court's discretionary act in refusing to open the default.

U. S. Elevator cites to us the cases of *Sears Roebuck & Co. v. Ramey*, 170 Ga. App. 873 (318 SE2d 740) and *Cobb County Fair Assn. v. Boyle*, 143 Ga. App. 754 (240 SE2d 136) as similar cases in which it was held the neglect was excusable. While in each of those cases the complaint got lost in the bureaucratic process, each of those cases likewise shows that there were internal procedures designed to follow the cases and that prompt and repeated follow-up action was taken by each of the defendants in those two cases. Like the trial court, we too can determine the precedent of those two cases clearly is distinguishable from the facts of this case, is not dispositive of the issues herein and indeed are inapposite.

We are unable to fault the trial court in this case in the exercise

of its discretion in denying the motion to open default and entering judgment thereon.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED MAY 18, 1987.

R. Clay Porter, William E. Gray II, for appellant.
*Michael J. Gorby*, for appellee.