77038. RAGAN v. SMITH.
(374 SE2d 559)

BANKE, Presiding Judge.

Plaintiff Ragan agreed to sell a house to defendant Smith pursuant to a written contract which gave the defendant the option also to purchase certain household furnishings. The parties subsequently entered into a separate contract whereby the defendant exercised that option, agreeing to purchase the furnishings for $1,529, payable in installments of $50 per month commencing in January of 1987. The defendant did not make any of these payments, and on July 9, 1987, the plaintiff brought the present action against her to recover the entire purchase price. The defendant was served with the suit on that same

date.

The defendant did not file a timely answer, and the case went into default. In September of 1987, she moved to open the default, explaining in an affidavit submitted in support of her motion that she had contacted the plaintiff's attorney after being served with the complaint and had "made a settlement offer which I thought would be accepted." In a proposed answer which she later submitted, the defendant alleged that the contract for the sale of the furniture contained no acceleration clause and that, consequently, only a portion of the sum sued for was presently due. In addition, the defendant filed a "Motion to Add Omitted Counterclaim," alleging that she was entitled to recover actual damages in the amount of $12,000 for certain alleged misrepresentations made by the defendant in connection with the sale of the house and also to set off $250 against the purchase price of the household furnishings based on certain unspecified defects therein. In the affidavit which she submitted in support of her motions to open the default and to add the counterclaims, the defendant offered the following additional explanation for her failure to answer the complaint in a timely manner: "I had only small complaints about the furniture and did not imagine that there was any possibility that this lawsuit could affect my claims and complaints as to the house I purchased from plaintiff."

Following a hearing, the trial court entered an order opening the default and allowing the counterclaims. The case is now before us pursuant to our grant of the plaintiff's application for interlocutory appeal. *Held*:

1. Initially, we reject the defendant's contention that the trial judge was authorized by OCGA § 9-11-13 (f) to allow the counterclaim even if he was without the discretion to open the default. The late filing of a counterclaim pursuant to Section 13 (f) of the Civil Practice Act "is permitted only as an amendment to pleadings already of file." *Electro-Kinetics Corp. v. Wilson*, 122 Ga. App. 171, 172 (176 SE2d 604) (1970). Thus, once a case is in default, the defendant may not file responsive pleadings unless and until the default is opened. Cf. *Florida East Coast Properties v. Davis*, 133 Ga. App. 932, 935 (6) (213 SE2d 79) (1975).

2. The plaintiff first contends that the trial judge erred in opening the default because at the time the order was entered the defendant had not yet paid the accrued costs of the action, as required by OCGA § 9-11-55 (b). See *Copeland v. Carter*, 247 Ga. 542 (1) (277 SE2d 500) (1981). In his application for appeal, the plaintiff supported this contention by reference to what purported to be a copy of the docket sheet pertaining to the case. However, that docket sheet does not appear in the record transmitted to this court by the trial court. Instead, the only reference to costs which appears in the record

before us consists of a written finding made by the trial judge in his order opening the default to the effect that all accrued costs had been paid by the defendant.

The burden is on the party asserting error to show it affirmatively by the record. *Hancock v. Oates*, 244 Ga. 175, 176 (259 SE2d 437) (1979). Exhibits contained in an appellate brief which do not appear in the record or transcript cannot be considered by this court and afford no basis for reversal. *Taylor v. Bentley*, 166 Ga. App. 887 (305 SE2d 617) (1983). *Coweta Bonding Co. v. Carter*, 230 Ga. 585 (198 SE2d 281) (1973); *Leathers v. Timex Corp.*, 174 Ga. App. 430 (330 SE2d 102) (1985). Under the circumstances, the trial court's finding that the costs had already been paid at the time the order was entered must be presumed correct.

3. The plaintiff contends that the trial court's order opening the default was additionally in error in that the defendant had not set forth a meritorious defense "under oath." The statute governing the opening of defaults provides, in part, as follows: "In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and shall announce ready to proceed with the trial." OCGA § 9-11-55 (b). This court has previously held that the "showing" required by this Code section to be made "under oath" includes the showing of a "meritorious defense." See *Stinson v. Ga. Dept. of Human Resources*, 171 Ga. App. 303 (5) (319 SE2d 508) (1984); *Global Assoc. v. Pan American Communications*, 163 Ga. App. 274 (1) (b) (293 SE2d 481) (1982).

Although, as previously indicated, the defendant submitted an affidavit setting forth the reasons for her failure to file a timely answer to the complaint, she did not specify in that affidavit the nature of her defense to the plaintiff's claim; and, conversely, although the nature of her defense was disclosed in her proposed answer, the allegations contained therein were not verified nor otherwise supported by sworn testimony.

While acknowledging these deficiencies, the defendant, relying upon the rule that a judgment will be presumed to be valid until the contrary is affirmatively established by the record (see, e.g., *Williams v. C & S Nat. Bank*, 142 Ga. App. 346, 348 (3) (236 SE2d 16) (1977)), contends that because there is no transcript of the motion hearing, we must presume that the requirement of an oath was met by sworn testimony presented at that hearing. We disagree. There is no indication in the record, either in the trial court's order or elsewhere, that evidence was in fact received at the motion hearing; and, in a brief submitted to the trial court subsequent to that hearing, defendant's own counsel characterized it as an "oral argument" hearing. Under such circumstances, the absence of a transcript of the hearing does not

lead to any evidentiary presumption supporting the trial court's order. However, for the following reasons, we nevertheless hold that the trial court was authorized to open the default.

It is apparent from the briefs filed by the parties in the trial court that there was no dispute between them regarding the terms of the contract sued upon. The contract provided for payment of the purchase price in monthly installments of $50 beginning in January of 1987, and it did not provide for acceleration of the remaining indebtedness in the event a payment was missed. Absent an acceleration clause, of course, the plaintiff was entitled to recover only those installments which were already past due. See *Martin v. McLain*, 51 Ga. App. 336 (3) (180 SE 510) (1935); *Whitley Constr. Co. v. Whitley*, 134 Ga. App. 245, 247 (213 SE2d 909) (1975); OCGA § 13-6-14.

In view of the fact that the relevant facts supporting the defense set forth in the proposed answer were, in effect, stipulated by the parties, it would serve no purpose to refuse to allow the default to be opened based merely on the defendant's failure to establish those facts "under oath." The "Code section 'providing for the opening of defaults, should be given a liberal construction, in the promotion of justice and the establishment of the truth; and the discretion of the trial judge in opening a default and permitting the defendant to plead will not be interfered with by this court unless manifestly abused, to the injury of the plaintiff. (Cits.)' " *Strickland v. Galloway*, 111 Ga. App. 683, 685 (143 SE2d 3) (1965). See also *Houston v. Lowes of Savannah*, 136 Ga. App. 781 (222 SE2d 209) (1975). Given that the complaint in this case dealt on its face with only a relatively small indebtedness, whereas the default affected the defendant's right to assert a much larger claim which she reasonably viewed as being independent of the claim sued upon, we accordingly hold that the trial court did not abuse its discretion in allowing the default to be opened. In reaching this decision, we express no opinion whatever on the actual merits of the defendant's counterclaim, which have not yet been ruled on by the trial court.

*Judgment affirmed. Birdsong, C. J., concurs. Beasley, J., concurs in judgment only.*

DECIDED OCTOBER 13, 1988.

*Roger L. Curry*, for appellant.
*Susan B. Ellis*, for appellee.