A89A2290. GRAYSON & HOLLINGSWORTH, INC.
v. C. HENNING STUDIOS, INC.
(391 SE2d 8)

BANKE, Presiding Judge.

The appellee, C. Henning Studios, Inc., sued the appellant, Grayson & Hollingsworth, Inc., a Texas corporation, seeking to recover damages for breach of contract. Copies of the complaint and summons were duly served upon Ronald Grayson, the appellant's regis-

tered agent for service in Georgia, on September 27, 1988. On or about October 25, 1988, the appellant attempted to file in the United States District Court for the Northern District of Georgia a "petition for removal of civil action." However, the petition was returned due to the appellant's failure to submit certified funds for the filing and bond fees required by that court.

Although the appellant was notified by the federal court that its removal petition had been rejected for filing well within the 15-day grace period provided by OCGA § 9-11-55 (a) for opening a default, it is undisputed that it allowed this period to expire without filing defensive pleadings in the present action. On December 7, 1988, the appellees filed a "motion for default judgment upon liquidated damages," and on January 18, 1989, the appellant filed a "motion to open default" pursuant to OCGA § 9-11-55 (b), accompanied by an unverified answer. The motion was based in part on the affidavit of Dennis Engler, the appellant's Texas attorney, who acknowledged that the appellant's removal petition had been returned to him by the federal court unfiled but offered no explanation for the appellant's failure to cure its default in the present action within the 15-day grace period. Following a hearing, the trial court denied the appellant's motion to open the default and entered judgment against it in the amount of $28,640. *Held*:

The appellant argues that the trial court abused its discretion in refusing to open the default, asserting it had alleged meritorious defenses and had presented a valid case of excusable neglect. We disagree.

Under OCGA § 9-11-55 (b), "a prejudgment default [may] be opened on one of three grounds *if* four conditions are met. The three grounds are: (1) providential cause, (2) excusable neglect, and (3) proper case; the four conditions are: (1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense. [Cits.]" *Muscogee Realty Dev. Corp. v. Jefferson Co.*, 252 Ga. 400, 401 (314 SE2d 199) (1984). (Emphasis supplied.) "This court has previously held that the 'showing' required by this Code section to be made 'under oath' includes the showing of a 'meritorious defense.' " *Ragan v. Smith*, 188 Ga. App. 770, 772 (374 SE2d 559) (1988). Generally, the opening of a default rests within the sound discretion of the trial court. *U. S. Elevator Corp. v. Smyrna Hosp.*, 182 Ga. App. 886 (3) (357 SE2d 322) (1987). However, compliance with the four conditions "is a condition precedent; in its absence, the trial judge had no discretion to open the default." *Global Assoc. v. Pan American Communications*, 163 Ga. App. 274, 275 (1) (b) (293 SE2d 481) (1982).

While the affidavit submitted by the appellant's counsel in support of his motion to open the default in the present case set forth

reasons for his failure to file a timely answer to the complaint, it did not disclose the nature of the appellant's defenses, and the answer which was submitted with the motion was not verified. The appellant argues, in reliance on Division 3 of *Ragan v. Smith*, supra, 188 Ga. App. at 772-3, that these deficiencies should not be considered fatal. In that case, we held that the trial court did not abuse its discretion in opening the default even though the defendant had failed to set forth a meritorious defense "under oath," where the relevant facts supporting the defense set forth in the answer had effectively been stipulated to by the parties and where, though the complaint dealt only with a small amount of indebtedness, the default affected the defendant's ability to assert a comparatively large counterclaim. No such circumstances exist in the present case. Moreover, the appellant in this case offered no explanation whatever for its failure to open the default during the 15-day period in which it could have done so as a matter of right. We accordingly hold that the trial court did not err in denying the appellant's motion to open the default and in entering judgment against it based on the default.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED FEBRUARY 2, 1990 —
REHEARING DENIED FEBRUARY 15, 1990 — 

*Beltran & Buckley, Frank J. Beltran, William H. Buckley*, for appellant.

*Kevin L. Ward, W. Scott Schulten, Mark S. Izenson*, for appellee.