A90A1223. C. W. MATTHEWS CONTRACTING COMPANY, INC. v. WALKER et al.
(398 SE2d 297)

POPE, Judge.

Appellant C. W. Matthews Contracting Company, Inc. (Matthews Contracting) appeals the trial court order granting appellee Rodney Levell Walker's motion to open default.

Plaintiff Linda Diane Gover sued Walker following a two-car collision on Six Flags Drive in Cobb County, Georgia. Gover settled her claim against Walker and then filed suit against Matthews Contracting, individually and as next friend of her minor son who, according to the complaint, was born with permanent brain damage as the result of the accident. Matthews Contracting answered, denying liability, and filed a third-party complaint against Walker seeking both contribution and apportionment of any damages assessed against it on account of Gover's claim. The third-party complaint was served on June 20, 1988. Walker failed to answer and the case went into default. On November 3, 1989, Walker filed a motion to open default along with affidavits in support of his motion. The trial court granted the motion to open default allowing Walker to respond to the third-party complaint. The trial court issued a certificate of immediate review and we granted Matthews Contracting's application for interlocutory appeal.

1. In related enumerations of error, Matthews Contracting con-

tends that the trial court erred in granting Walker's motion to open default. "Under OCGA § 9-11-5 (b), 'a prejudgment default (may) be opened on one of three grounds *if* four conditions are met. The three grounds are: (1) providential cause, (2) excusable neglect, and (3) proper case; the four conditions are: (1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense. (Cits.)' *Muscogee Realty Dev. Corp. v. Jefferson Co.,* 252 Ga. 400, 401 (314 SE2d 199) (1984). (Emphasis supplied.) 'This court has previously held that the "showing" required by this Code section to be made "under oath" includes the showing of a "meritorious defense." ' *Ragan v. Smith,* 188 Ga. App. 770, 772 (374 SE2d 559) (1988). Generally, the opening of a default rests within the sound discretion of the trial court. *U. S. Elevator Corp. v. Smyrna Hosp.,* 182 Ga. App. 886 (3) (357 SE2d 322) (1987). However, compliance with the four conditions 'is a condition precedent; in its absence, the trial judge [has] no discretion to open the default.' *Global Assoc. v. Pan American Communications,* 163 Ga. App. 274, 275 (1) (b) (293 SE2d 481) (1982)." *Grayson & Hollingsworth v. C. Henning Studios,* 194 Ga. App. 531, 532 (391 SE2d 8) (1990).

Walker argues that the statement in his affidavit that he "was aware that the prior action [against him] had been settled" was sufficient to meet the meritorious defense requirement. We disagree. "An affidavit framed under this rule must be very full and explicit." (Citation and punctuation omitted.) *Cohutta Mills v. Hawthorne Indus.* 179 Ga. App. 815, 816 (1a) (348 SE2d 91) (1986). "While the [affidavits] submitted by [Walker] in support of his motion to open the default in the present case set forth reasons for his failure to file a timely answer to the complaint, [they] did not disclose the nature of [Walker's] defenses, and the answer . . . submitted with the motion [merely contained general denials of the allegations of the third-party complaint and] was not verified." *Grayson,* supra at 532-533. Because the failure to plead a meritorious defense is alone fatal to the opening of a default, we are forced to conclude that the trial court was without discretion to grant Walker's motion. See, e.g., *Grayson,* supra; *Ellerbee v. Interstate Contract Carrier Corp.,* 183 Ga. App. 828 (4) (360 SE2d 280) (1987); *Global Assoc. v. Pan American Communications,* 163 Ga. App., supra.

2. Walker posits that the trial court's order opening default should also be upheld on the basis of the "defaulting-joint-defendant rule." See *Fred Chenoweth Equip. Co. v. Oculus Corp.,* 254 Ga. 321, 322 (328 SE2d 539) (1985). However, in *Chenoweth* our Supreme Court expressly rejected that rule, and thus we are without authority to apply it to the facts of this case. Accord *Cole v. Smith,* 182 Ga. App. 59 (3) (354 SE2d 835) (1987). Consequently, the trial court's or-

der opening the default must be reversed.

*Judgment reversed. Deen, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 22, 1990.

*Gerard & Matthews, William T. Gerard,* for appellant.

*Carter & Butt, James E. Carter, Crim & Bassler, Harry W. Bassler, Joseph M. Murphey,* for appellees.