A97A0381. THOMASON v. EXXON CORPORATION.
(487 SE2d 605)

BIRDSONG, Presiding Judge.

Pursuant to our grant of an interlocutory appeal, James Thomason appeals the trial court's grant of Exxon Corporation's motion to open a default. He contends the trial court erred by opening the default because Exxon failed to tender a legal excuse for the default and did not set forth a meritorious defense. He also contends the trial court erred by allowing Exxon to engage in discovery even though it had announced ready for trial as a condition to opening the default.

This appeal arises from an action based on trespass and nuisance that Thomason filed against Randy McIntyre, Andy Kinser, and Exxon seeking compensatory and punitive damages for injuries to his real property that allegedly were caused by the defendants because underground petroleum storage tanks on the defendants' property leaked chemicals which then migrated to Thomason's property. The property in question was a retail gasoline station leased by Exxon and then subleased first to McIntyre and then to Kinser who operated the gas station.

The first service on Exxon in February 1994 was not proper because a signed summons was not served with the complaint. Counsel for Exxon notified Thomason of the improper service and the parties agreed that Thomason would be given sufficient opportunity to effect proper service on Exxon. On April 5, 1994, proper service was made on Exxon; however, counsel for Exxon did not learn of the service until June 1, 1994, when the new summons and complaint were discovered in a secondary file in its office. Exxon filed a motion to

open default the next day contending that a delivery person had improperly placed the summons and complaint in the wrong file, and, therefore, the summons and complaint were not processed and distributed to the responsible attorneys.

Finding that Exxon had shown excusable neglect, had paid all accrued costs, set up a meritorious defense, and announced ready for trial, the trial court granted Exxon's motion to open the default. The trial court also entered a pretrial order that permitted Exxon to conduct pretrial discovery. Upon Thomason's request, the trial court certified these orders for immediate review, and Thomason's petition to this court for permission to appeal was granted. *Held*:

1. When an answer is not filed within the time prescribed, a case automatically goes into default. OCGA § 9-11-55 (a). "Under OCGA § 9-11-55 (b), a prejudgment default may be opened on one of three grounds *if* four conditions are met. The three grounds are: (1) providential cause, (2) excusable neglect, and (3) proper case; the four conditions are: (1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense. This court has previously held that the 'showing' required by this Code section to be made 'under oath' includes the showing of a 'meritorious defense.' Generally, the opening of a default rests within the sound discretion of the trial court. However, compliance with the four conditions is a condition precedent; in its absence, the trial judge has no discretion to open the default." (Citation and punctuation omitted.) *C. W. Matthews Contracting Co. v. Walker*, 197 Ga. App. 345, 346 (398 SE2d 297). Although the trial court's opening of a default generally is a matter within the discretion of the trial court which will not be disturbed absent abuse of that discretion (*Ellerbee v. Interstate Contract Carrier Corp.*, 183 Ga. App. 828 (360 SE2d 280); *Alex v. Parkway-Blvd. Corp.*, 157 Ga. App. 269, 270 (277 SE2d 276)), in this instance we must reverse the trial court because we find the trial court was not authorized to exercise its discretion because Exxon did not satisfy all the conditions necessary to authorize the trial court to exercise its discretion.

In this case, Thomason contends that Exxon did not meet the condition of setting up a meritorious defense under oath. See *Global Assoc. v. Pan American Communications*, 163 Ga. App. 274 (293 SE2d 481). Instead, he contends that Exxon produced several affidavits which confirmed a leak by the defendants, but then alleged that the leak was not the result of wilful misconduct, malice, fraud, wantonness, or a want of care, and another affidavit asserted that many other potential parties may have been responsible for any damages Thomason may have suffered. Examination of the documents supporting Exxon's motion to open the default contained no other allegation concerning any other purported meritorious defenses, nor are

any meritorious defenses raised in the verified answer. "While there is no requirement that the affidavit contain 'great detail' concerning the defense, see *Cohutta Mills v. Hawthorne Indus.*, 179 Ga. App. 815, 816 (1) (a) (348 SE2d 91) (1986), some factual information must be provided. [Cits.]" *Ellerbee*, supra at 835. In this case, as in *Ellerbee*, the affidavits contained no factual information concerning any meritorious defense, but merely contained conclusory statements. Thus, as Exxon did not satisfy all four conditions which must be met before a default may be opened under OCGA § 9-11-55 (b), the trial court was not authorized to exercise its discretion whether to open the default in this case. *C. W. Matthews Contracting Co. v. Walker*, supra. Therefore, the trial court's order opening the default must be reversed.

2. As we have reversed the trial court's order opening the default, Thomason's enumeration of error regarding allowing Exxon to conduct discovery is moot.

*Judgment reversed. Ruffin and Eldridge, JJ., concur.*

DECIDED MAY 9, 1997 —
RECONSIDERATION DENIED JUNE 25, 1997 — 

*Coppedge, Leman & Ward, Warren N. Coppedge, Jr., David L. McGuffey*, for appellant.
*Enoch Overby*, for appellee.