A98A0896. FORRISTER v. MANIS LUMBER COMPANY et al.
(501 SE2d 606)

ELDRIDGE, Judge.

On June 30, 1997, Manis Lumber Company and subsidiaries d/b/a Wheeler's ("Manis Lumber") filed this action for fraudulent conveyance to defeat creditors against Matthew Forrister d/b/a Matthew Forrister Builders ("Matthew Forrister") and Vivian Forrister. Manis Lumber requested that a warranty deed from Matthew Forrister to Vivian Forrister, recorded in Deed Book 570, page 204 of the Paulding County deed records be set aside, or in the alternative, to have the default judgment entered in its favor against Matthew Forrister in Civil Action File No. 97CV0262 entered as a judgment against both Matthew Forrister and Vivian Forrister. Vivian Forrister was not a joint obligor in Civil Action File No. 97CV0262 with Matthew Forrister. Manis Lumber did not pray for actual damages arising out of the alleged fraudulent conveyance.

In Civil Action File No. 97CV0262, Manis Lumber brought suit against Matthew Forrister to collect on an overdue account balance and to perfect the materialman's liens securing such account balance. In such prior action, Manis Lumber obtained a default judgment against Matthew Forrister for the amounts it was owed plus interest, attorney fees, and costs and obtained a writ of execution on such judgment.

Manis Lumber then filed this action and alleged that, four days after it sent Matthew Forrister notice that his account balance was overdue and copies of the materialman's liens securing such account, Matthew Forrister fraudulently transferred the subject property to his mother, Vivian Forrister, for "love and affection," i.e., without monetary consideration, for the purpose of hindering and delaying Manis Lumber's collection of the debt that Matthew Forrister owed to Manis Lumber. Attached as Exhibit A to the complaint was a copy of the warranty deed which showed on its face that no transfer tax was paid.

Matthew Forrister timely answered the complaint, pro se, and denied that the conveyance of the subject property was fraudulently

made to hinder or defeat creditors. Vivian Forrister was personally served, but did not timely answer and went into default. On August 22, 1997, after the time ran to open the default as a matter of right, Vivian Forrister filed a motion to open default. On September 22, 1997, Manis Lumber filed a response to Vivian Forrister's motion to open default and filed a motion requesting that a default judgment be entered.

The trial court entered an order denying Vivian Forrister's motion to open default, granting Manis Lumber's motion for entry of a default judgment against Vivian Forrister, and entering judgment "setting aside the warranty deed from Matthew Forrister to Vivian Forrister recorded February 14, 1997, in Deed Book 570, Page 204, of Paulding County deed records, placing said property back in the name of the defendant Matthew Forrister and subject to his debts with said reversion being retractively [sic] prior to February 14, 1997." It is from this order and judgment that Vivian Forrister appeals.

1. Manis Lumber moves to dismiss this appeal on the grounds that the order appealed from was not a final judgment and thus an application for interlocutory appeal was required under OCGA § 5-6-34 (b). Manis Lumber argues that the judgment appealed from is against less than all the defendants and for less than all the relief prayed for, i.e., money damages.

"Even if an order does not specify that it is a grant of final judgment, it nevertheless constitutes a final judgment within the meaning of OCGA § 5-6-34 (a) (1) where it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." (Citations and punctuation omitted.) *R. J. Reynolds Tobacco Co. v. Fischer*, 207 Ga. App. 292, 293 (427 SE2d 810) (1993). The only issue before the trial court at the entry of the default judgment was the prayer to set aside the fraudulent conveyance *or in the alternative* to have the default judgment, which was entered in Manis Lumber's favor against Matthew Forrister in Civil Action File No. 97CV0262, entered also as a judgment against both Matthew Forrister and Vivian Forrister, even though Vivian Forrister was not a joint obligor in Civil Action File No. 97CV0262. There was no request for money damages in the complaint or in the motion for default judgment. When the trial court set aside the conveyance as fraudulent to hinder creditors, Manis Lumber had no prayer for further relief. Therefore, the order and judgment entered by the trial court on October 16, 1997, was a final judgment on the merits within the meaning of OCGA § 5-6-34 (a) (1) and directly appealable.

2. In her first enumeration of error, Vivian Forrister alleges that the trial court erred in holding that the Superior Court of Paulding

County had personal jurisdiction over her and that she was properly served in this in rem proceeding as a resident of the State of Tennessee.

"The Long Arm Statute [OCGA § 9-10-91 et seq.] contemplates that jurisdiction shall be exercised over non-resident parties to the maximum extent permitted by procedural due process." (Citations and punctuation omitted.) *Cox v. Long*, 143 Ga. App. 182, 183 (237 SE2d 672) (1977). Under the Long Arm Statute, a court of this state may exercise personal jurisdiction over a non-resident as if he was a resident of this state if such person "[o]wns, uses, or possesses any real property situated within this state." OCGA § 9-10-91 (4); *Goodman v. Vilston*, 197 Ga. App. 718, 719 (399 SE2d 241) (1990). Therefore, since this action is an in rem action to set aside an alleged fraudulent conveyance of property owned by Vivian Forrister within the state, jurisdiction over Vivian Forrister is proper. Minimum contact requirements are satisfied because a substantial connection existed between Vivian Forrister, the controversy, and property within the state. See *Goodman v. Vilston,* supra; *Regante v. Reliable-Triple Cee of North Jersey*, 251 Ga. 629 (308 SE2d 372) (1983).

OCGA § 9-11-4 (i) allows for methods of alternative service and provides specifically that "[t]he methods of service provided in [OCGA § 9-11-4] are cumulative and may be utilized with, after, or independently of other methods of service. Whenever a statute provides for another method of service, service may be made under the circumstances and in the manner prescribed by the statute or under any other methods prescribed in [OCGA § 9-11-4]." OCGA § 9-11-4 (i).

Since there was personal jurisdiction over Vivian Forrister as a non-resident under the Long Arm Statute in this case, Manis Lumber was authorized to serve Vivian Forrister under the method of service provided in OCGA § 9-10-94. OCGA § 9-10-94 provides that a person who is subject to the jurisdiction of the courts under the Long Arm Statute "may be served with a summons outside the state in the same manner as service is made within the state by any person authorized to make service by the laws of the state . . . in which service is made or by any duly qualified attorney, solicitor, barrister, or the equivalent in such jurisdiction." OCGA § 9-10-94. Vivian Forrister was personally served by Randy Swafford, a duly sworn and appointed deputy sheriff of Polk County, Tennessee, who was authorized by Tennessee law to serve process and summons in civil cases. This was proper service under OCGA § 9-10-94.

3. In her final enumeration of error, Vivian Forrister alleges that the trial court erred in holding that she failed to set up a meritorious defense that would allow the default to be opened pursuant to OCGA § 9-11-55 (b).

"Under OCGA § 9-11-55 (b), a prejudgment default may be opened on one of three grounds *if* four conditions are met. The three grounds are: (1) providential cause, (2) excusable neglect, and (3) proper case; the four conditions are: (1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense. This court has previously held that the 'showing' required by this Code section to be made 'under oath' includes the showing of a 'meritorious defense.' Generally, the opening of a default rests within the sound discretion of the trial court. However, compliance with the four conditions is a condition precedent; in its absence, the trial judge has no discretion to open the default." (Citations and punctuation omitted; emphasis in original.) *Stewart v. Turner*, 229 Ga. App. 119, 121 (493 SE2d 251) (1997).

In this case, the trial court did not err in refusing to open default because Vivian Forrister failed to show the existence of a meritorious defense. In order to make a "showing" that a meritorious defense exists, the defendant must set forth facts that show the existence of the essential elements of such defense even though "there is no requirement that the affidavit [or verified answer] contain in great detail the factual basis of the proposed defense." (Citations and punctuation omitted.) *Pinehurst Baptist Church v. Murray*, 215 Ga. App. 259, 261 (450 SE2d 307) (1994). The trial court must, however, have sufficient facts before it to determine if a meritorious defense is factually raised so that the judge can exercise discretion.

Vivian Forrister's counsel attached to the motion to open default an affidavit stating that the facts set forth in the motion were true and correct. The motion alleged that the defendant had a meritorious defense as set forth in her proposed answer, which answer was not under oath, and attempted to set forth two meritorious defenses: (1) lack of jurisdiction over the person and (2) that she was a bona fide purchaser of the property. For the reasons set forth in Division 2, supra, it is clear that there was personal jurisdiction over Vivian Forrister, and this defense was not meritorious.

There are two essential elements to the defense of a bona fide purchaser: (1) that the taking party paid valuable consideration for the property and (2) that "the taking party [was] without notice or ground for reasonable suspicion of [the] intent of the debtor" to delay, hinder, or defraud the creditor. OCGA § 18-2-22 (2); see *Hall v. Hidy*, 263 Ga. 422, 423 (435 SE2d 215) (1993); *Nicol & Davidson v. Crittenden*, 55 Ga. 497 (1875). While Vivian Forrister asserted in her motion to open default and in her unsworn answer that she gave valuable consideration for the property, i.e., the satisfaction of an unrecorded purchase money indebtedness owed by Matthew Forrister to her, *she failed to assert* that she was without notice or did not have

grounds for reasonable suspicion of the intent of Matthew Forrister. She only made a general denial in her answer. Therefore, an essential element of her meritorious defense was not asserted under oath.

While her counsel swore in his affidavit that everything in the motion to open default was true and attached a copy of her answer as an Exhibit to the motion, this did not supply the missing element. A general denial in her attached unverified answer to the plaintiff's assertion that "[s]aid conveyance of real estate was knowingly made and accepted for the purpose of defrauding plaintiff, and for the purpose of hindering and delaying plaintiff's collection of the debt" is not sufficient to set forth a meritorious defense under oath. See *C. W. Matthews Contracting Co. v. Walker*, 197 Ga. App. 345, 346 (398 SE2d 297) (1990); *Grayson & Hollingsworth v. C. Henning Studios*, 194 Ga. App. 531, 532-533 (391 SE2d 8) (1990); *Barone v. McRae & Holloway, P.C.*, 179 Ga. App. 812, 814 (348 SE2d 320) (1986).

"Because the failure to plead a meritorious defense is alone fatal to the opening of a default, we are forced to conclude that the trial court was without discretion to grant [Vivian Forrister's] motion." (Citations omitted.) *C. W. Matthews Contracting Co. v. Walker*, supra at 346.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED APRIL 15, 1998 —
RECONSIDERATION DENIED APRIL 30, 1998 — 

*Lane & Sanders, Thomas C. Sanders*, for appellant.
*Barry V. Smith*, for appellee.