## 48068. WEST COURT SQUARE v. ASSAYAG.

PANNELL, Judge. West Court Square, a limited partnership, instituted a dispossessory proceeding against David Assayag and he was duly served on September 25, 1972, he filed defenses asserting that plaintiff had accepted a stated sum in full settlement of rent due as of the filing of the dispossessory warrant, serving plaintiff with a copy, and on December 8, 1972, filed an amendment alleging tender of the rent for the month of October, 1972, and its acceptance by the landlord and alleging tender for the month of November, 1972, to the landlord and the landlord's refusal to accept the tender. The rent was tendered into court. Plaintiff was served with a copy of the amendment. On December 12, 1972, plaintiff filed a motion to strike the answer as being filed too late and to enter judgment in its favor. On December 27, 1972, defendant tendered into court the rental for the month of December. On January 16, 1973, the trial judge overruled the plaintiff's motion, leaving pending the defendant's motion to open the default, which appears of record in the case. Plaintiff appealed from the overruling of its motion to dismiss the answer and to enter judgment. *Held:*

Code § 61-303, as last amended by the Act of 1971 (Ga. L. 1971, pp. 536, 537) provides: "At or before the time of the hearing the defendant may answer in writing. Also the defendant may

answer orally at the time of the hearing. If the answer is oral, the substance thereof shall be indorsed on the dispossessory affidavit. The answer may contain any legal or equitable defense, or counterclaim. If the tenant fails to answer, the court shall issue a writ of possession; and the plaintiff shall be entitled to a verdict and judgment by default for all rents due, in open court or chambers, as if every item and paragraph of the affidavit provided for in section 61-301 were supported by proper evidence without the intervention of a jury.

"If the tenant answers, a trial of the issues shall be had in accordance with procedure prescribed for civil actions in courts of record. Every effort shall be made by the trial court to expedite a trial of the issues. The defendant shall be allowed to remain in possession of the premises pending the final outcome of the litigation: Provided, however, that the tenant at the time of his answer pays rent into the registry of the court pursuant to section 61-304."

We construe the language "If the tenant fails to answer" to mean and refer to the time of the hearing, which was set at seven days after service in the present case, and that if he fails to so answer "the court shall issue a writ of possession; and the plaintiff shall be entitled to a verdict and judgment by default for all rents due, in open court or chambers, as if every item and paragraph of the affidavit provided for in Section 61-301 were supported by proper evidence without the intervention of the jury." We accordingly, reverse and remand the case to the trial court with direction that he vacate the judgment overruling the motion of plaintiff, and hear and determine the motion of defendant to open the default. The trial judge not having ruled on such motion, neither can we.

*Judgment reversed with direction. Eberhardt, P. J., and Stolz, J., concur.*

ARGUED APRIL 10, 1973 — DECIDED APRIL 19, 1973 — REHEARING DENIED MAY 9, 1973 — 

*Arnall, Golden & Gregory, Thomas R. Todd, Jr.,* for appellant. *McCurdy, Candler & Harris, George H. Carley,* for appellee.