## 48867. WEST COURT SQUARE v. ASSAYAG.

Quillian, Judge.

For a statement of the facts in this case, see *West Court Square v. Assayag,* 129 Ga. App. 59 (198 SE2d 510), in which this court reversed the ruling of the trial judge with direction that the motion to open default be ruled upon. At the close of the hearing on the motion the trial judge entered the following order: "The court finds that the plaintiff accepted at least two checks from the defendant subsequent to the institution of the dispossessory proceedings. It is further determined that defendant has filed an answer setting forth a meritorious defense and that the answer and the motion to open default were filed prior to the entry of any final judgment. It is, therefore, ordered that defendant's motion to open default be and the same is hereby granted."

On the hearing the trial judge considered the argument of counsel, the pleadings and two affidavits. The affidavit on behalf of the defendant stated that the facts contained in his answer and defenses were true and correct. The answer of the defendant set forth that on the day he was served with summons he tendered to an authorized agent of the plaintiff the sum of $400 in full and complete settlement of all rent due after the filing of dispossessory proceedings; that the plaintiff accepted the defendant's tender of all rental due as evidenced by canceled check attached to the answer. The canceled check provided that it was "for rent September 1972," but

contained no language as to full payment or in full settlement thereof.

An affidavit by an officer of the plaintiff set forth that on the date of the summons the defendant was in arrears in rent in the amount of $575 and that the defendant tendered, and the plaintiff accepted, the payment of $400 toward the amount then owed; that such payment was not offered or accepted as being in full and complete settlement of all rent due.

The defendant by amended answer alleged that the rent for the month of October 1972 had been tendered and accepted by the plaintiff and that rent for the month of November 1972 had been tendered. The record reveals the defendant tendered the November 1972 rent into court. *Held:*

1. The defendant did not establish as a matter of law that an accord and satisfaction took place. For the purpose of this decision, we assume arguendo the trial judge in considering such issue could have made that finding in evaluating the proof before him. See in this connection, Code Ann. § 61-309 (Ga. L. 1970, pp. 968, 972), which provides that a tender to the landlord of all rents allegedly owed plus the cost of the dispossessory warrant shall be a complete defense.

2. Having a defense to an action is not in itself a ground to opening default. In *Davison-Paxon Co. v. Burkart,* 92 Ga. App. 80, 83 (88 SE2d 39), this court declined to set aside a judgment simply upon the showing that the defendant had a meritorious defense. The court pointed out: "In order to set aside a default judgment, the defendant must have not only a meritorious defense but a legal excuse for his non-appearance." This court then cited authority for the proposition that matters purely defensive and going in denial of plaintiff's right to recover do not afford grounds to set aside a judgment and that a court cannot suspend or vacate judgment merely to let in a defense which should have been offered before the judgment was entered. See citations in *Davison-Paxon Co. v. Burkart,* 92 Ga. App. 80, 83, supra.

In *Fitzgerald v. Ferran,* 158 Ga. 755, 758 (124 SE2d 530), the Supreme Court in treating the predecessor of our present default judgment section held: "The positive

requirements of the section last quoted must be complied with, before the discretion can be exercised in favor of the application to open the default at the trial term. The costs are to be paid, a meritorious defense shall be set up, and the applicant must offer to plead instanter, and announce ready to proceed with the trial." It is clear that the defendant made a showing as to the presence of a meritorious defense but failed to meet the requirements of CPA § 55 (Code Ann. § 81A-155 (b); Ga. L. 1966, pp. 609, 659; 1967, pp. 226, 238). Hence, the action of the trial judge in opening the default was an abuse of discretion.

*Judgment reversed. Bell, C. J., and Clark, J., concur.*

ARGUED JANUARY 7, 1974 — DECIDED APRIL 2, 1974 — REHEARING DENIED APRIL 29, 1974 —

*Arnall, Golden & Gregory, Thomas R. Todd, Jr.,* for appellant.

*McCurdy, Candler & Harris, George H. Carley,* for appellee.