## 71783. COHUTTA MILLS, INC. v. HAWTHORNE INDUSTRIES, INC.
(348 SE2d 91)

BEASLEY, Judge.

Plaintiff Cohutta appeals from a judgment entered for defendant Hawthorne based on the grant of its motion for directed verdict. Cohutta had brought an action on May 3, 1984, asking that certain property owned by it be discharged from a judgment lien in favor of Hawthorne. The property in question was obtained from King's Tuft, Inc., a now defunct, successor corporation to Cohutta. Cohutta alleged it obtained the property April 21, 1980, and had been in possession from that date. Relief was sought predicated on the judgment lien's discharge under OCGA § 9-12-93 by virtue of Cohutta's having been in possession of the real property for over four years.

When this action was originally brought, two other defendants answered the complaint but Hawthorne failed to answer within 45 days. No default judgment was entered and Hawthorne moved under OCGA § 9-11-55 to open default. After a hearing the trial court permitted the default to be opened. In its order the trial court found that defendant met the requirement of making a showing under oath, setting up a meritorious defense, offering to plead instanter and being ready to proceed with trial. It also found there was no providential cause and no excusable neglect but permitted the opening of the default based on its determination, from consideration of all the facts, that a proper case had been made to do so.

Hawthorne's amended answer contained two affirmative defenses: 1) that Cohutta was not a bona fide purchaser for value of the property previously owned by King's Tuft; 2) that the judgment lien was enforced against Cohutta prior to four years' possession.

Afterwards the case was tried before a jury in which the sole issue was whether Cohutta acted in good faith in purchasing the property of King's Tuft. During the course of the trial Hawthorne moved for directed verdict on the ground that the property was encumbered by prior security instruments during most of the time Cohutta was in possession and that the statutory four-year time did not run until such encumbrances were removed. The trial court did not rule on this motion until after the jury returned a finding that Cohutta did act in good faith in obtaining the property. It then granted Hawthorne's motion and entered judgment. During the litigation, money in lieu of the property had been deposited in escrow to abide the result, and in the final judgment it was ordered disbursed to defendant Hawthorne.

1. a) Cohutta contends the trial court erred by permitting Hawthorne's default to be opened since a meritorious defense to the claim under oath was not set forth. This is required. *Oculus Corp. v. Fred Chenoweth Equip. Co.*, 172 Ga. App. 547, 548 (2) (323 SE2d 836) (1984). An "affidavit framed under this rule must be very full and explicit . . ." *Global Assoc. v. Pan American Communications*, 163 Ga. App. 274, 275 (1) (293 SE2d 481) (1982).

However, there is no requirement that the affidavit contain in great detail the factual basis of the proposed defense. In *Global Assoc.*, no mention was made of a meritorious defense in the affidavit. In *Coleman v. Dairyland Ins. Co.*, 130 Ga. App. 228, 229 (202 SE2d 698) (1973) a case relied upon in *Global Assoc.*, no affidavit was filed and it was noted that the mere statement that a party had a meritorious defense is not enough.

In this case Hawthorne's counsel by affidavit stated: "It is the contention of Hawthorne Industries, Inc., that Cohutta Mills, Inc., was not in possession of the property in question for a period of four years prior to the enforcement of Hawthorne Industries, Inc., lien. It is Hawthorne Industries, Inc.'s further contention that Cohutta Mills, Inc., was not a bona fide purchaser for value of the property in question when it purchased it from King's Tuft, Inc." Attached was the deed of King's Tuft to Cohutta and the notice of levy Hawthorne had filed on the judgment lien.

This was sufficient compliance with the requirement that a meritorious defense be stated, explicitly, under oath.

b) Cohutta urges error in opening default because even where the ground is "proper case" an underlying basis must be established, i.e., standards, such as that the trial court's discretion be limited to the record and that the facts "contain some element of neglect, rather

than wilful disregard."

The Supreme Court has steadfastly declined to straitjacket the third ground, "proper case," with standards or requirements. What that Court has made clear in *Axelroad v. Preston*, 232 Ga. 836, 837 (1) (209 SE2d 178) (1974) and *Houston v. Lowes of Savannah*, 235 Ga. 201 (219 SE2d 115) (1975) is that the third ground stands independently of the other two grounds and is unshackled by their bases. The Court quoted approvingly from *Brawner v. Maddox*, 1 Ga. App. 332, 337 (58 SE 278) (1907): "The wording of § 5072 is such that it conveys very ample powers as to opening defaults; not only providential cause, which is broad, and excusable neglect, which is still broader, but finally, as if reaching out to take in every conceivable case where injustice might result if the default were not opened, the section goes on to say, 'where the judge from all the facts shall determine that a proper case has been made, . . .'" *Axelroad v. Preston*, supra at 837.

We decline to circumscribe the trial court's discretion under the third ground by declaring error in opening the default in this case. See *Muscogee Realty Dev. Corp. v. Jefferson Co.*, 252 Ga. 400 (314 SE2d 199) (1984); *Avant v. Patrick*, 133 Ga. App. 708 (213 SE2d 14) (1975).

2. In 1979 Hawthorne filed suit against King's Tuft and obtained a judgment which was entered in the general execution docket on December 19, 1979. On December 7, 1979 Hawthorne and King's Tuft had entered into a "covenant not to enforce or collect judgment" but King's Tuft failed to perform its obligations under the agreement. On April 21, 1980, Charles Owens conveyed real property to King's Tuft by two deeds, one parcel subject to a deed to secure debt held by First Federal Savings & Loan Association of Calhoun (July 27, 1964) and the other subject to a security deed held by Cohutta Banking Company (September 9, 1971) which was subsequently assigned to the U. S. Small Business Administration. King's Tuft then conveyed this property to Cohutta on April 22, 1980.

Cohutta conveyed the property in June of 1983 to Mr. and Mrs. Owens and the security deeds thereon were cancelled. The Owenses filed suit against Cohutta for breach of warranty because of various tax and judgment liens on the property. In compliance with a judgment rendered against it, Cohutta removed all encumbrances except the payment to Hawthorne of some $25,000 plus post-judgment interest for which an equivalent sum was deposited into the registry of the court. Cohutta filed this action against Hawthorne and the Owenses contending the lien was discharged under OCGA § 9-12-93. Upon agreement that the lien attached to the money in the registry of the court, the Owenses were dismissed and the suit continued between Cohutta and Hawthorne, resulting in the direction of a verdict for

Hawthorne.

Cohutta contends the direction of the verdict was error because the judgment lien never attached to the property in question and if it did, Cohutta's possession from April 22, 1980 to the time the suit was filed, May 3, 1984, a period of more than four years, was sufficient to discharge the lien under OCGA § 9-12-93.

The trial court properly directed the verdict in Hawthorne's favor. OCGA § 9-12-80 provides that a judgment "shall bind all the property of the defendant in judgment, both real and personal, from the date of such judgments." In 1848 the Supreme Court succinctly observed: "By the law of this State, the lien of the judgment begins at its date and attaches to all the property of the defendant, owned at that time, and to all by him subsequently acquired." *Kollock v. Jackson,* 5 Ga. 153, 157 (2) (1848). Accord *Bradley v. Booth,* 62 Ga. App. 770, 772 (9 SE2d 861) (1940). Here the judgment had been entered on the general execution docket (see OCGA §§ 9-12-81 through -83) and attached when King's Tuft acquired the property on April 21, 1980.

As to Cohutta's four-year possession, our courts have long recognized that one is not barred by four years possession where there is a legal impediment to assertion of a levy. In *Hart v. Evans,* 80 Ga. 330, 332 (2) (5 SE 99) (1887) Chief Justice Bleckley remarked: "so long as the law itself holds off the creditor, he is not in laches on default, and his failure to levy will not be counted against him." This was followed in *Dozier v. McWhorter,* 113 Ga. 584 (3) (39 SE 106) (1901) and in turn by *Carnes v. American Agricultural Chem. Co.,* 158 Ga. 188 (123 SE 18) (1924). The latter case involved, as here, a security deed superior to the judgment lien. The court noted that the judgment creditor was not required to pay off the security deed in order to levy. It held: "The four years possession of land which, under [now OCGA § 9-12-93], will divest the lien of a judgment must be during a period of that length of time when the judgment could be lawfully enforced against the land." Id. at 190.

We are not persuaded by Cohutta's argument that Hawthorne had means, other than by paying off the indebtedness, of asserting its claim to a lien. The point of the cases is clear and unequivocal: where there is a legal impediment to levying, the judgment creditor is not guilty of laches in waiting for the impediment's removal before taking action.

Here the security deeds were cancelled in June 1983 and Cohutta's possession under OCGA § 9-12-93 began to run from that time. It was therefore not in possession for four years so as to discharge this property from the judgment lien.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED JULY 3, 1986 —
REHEARING DENIED JULY 21, 1986 — 

*Sam F. Little,* for appellant.
*Warren N. Coppedge, Jr., Michael C. Cherof,* for appellee.