A94A1219. PINEHURST BAPTIST CHURCH, INC. v. MURRAY et al.
(450 SE2d 307)

POPE, Chief Judge.

Defendant Pinehurst Baptist Church, Inc. appeals the trial court's order denying its motion to open default and granting plaintiff a default judgment as to the issue of liability only.

Plaintiff Marilyn Murray, individually and as natural guardian of

her minor son, Jimmie L. Murray, Jr., filed suit against defendant on May 11, 1993, alleging that her son was injured when he fell from a jungle gym located on the playground of the day-care center operated by defendant. The complaint further alleged that defendant was negligent in having an activity on the premises that was not suitable for four-year-old children and in not exercising proper supervision over the children while they were playing. The complaint was served on May 14, 1993.

On the date following service, defendant's Pastor, Tony R. Dickerson, brought the suit papers to defendant's local insurance agent, who forwarded them to the insurance carrier. On June 4, 1993, plaintiff's attorney agreed to give the insurance carrier 60 days from June 4 to answer the complaint. No answer was filed within the 60-day extension period, but direct settlement negotiations between plaintiff and defendant's insurance carrier did take place during this time. On October 18, 1993, defendant's insurance carrier wrote plaintiff's counsel to ask whether the carrier should retain an attorney to file an answer on defendant's behalf. By letter dated October 25, 1993, plaintiff's attorney advised the insurance carrier that time to answer had expired on August 3, 1993. On October 27, 1993, plaintiff's attorney informed the carrier that plaintiff would take no action as to the default for 30 days, in order to allow the carrier to evaluate plaintiff's settlement proposal. On November 24, 1993, the carrier again was assured that no action on the default would be taken before December 10, 1993, in order to allow for further evaluation of the settlement proposal. By letter dated December 9, 1993, the insurance carrier received another 14-day extension to consider plaintiff's settlement proposal and was again put on notice that such an extension was not an extension of the time in which defendant had to file its answer, which had expired August 3, 1993.

Defendant's pastor states under oath that defendant did not learn that the case was considered in default until December 9, 1993, and that prior to that date defendant was under the belief that its insurance carrier had hired an attorney and made sure that defensive pleadings were timely filed. Moreover, Pastor Dickerson states under oath that he contacted the insurance carrier's local agent on five occasions to inquire about the case and was assured that nothing else was required of him or defendant.

On December 10, 1993, the first day after defendant learned of the default, it filed a verified motion to open default along with an affidavit from Pastor Dickerson in support of the motion. The affidavit incorporated by reference defendant's proposed answer and defenses. Plaintiff filed a request for entry of a default judgment as to liability only on December 15, 1993. In its order of December 21, 1993, the trial court denied defendant's motion to open default and

granted plaintiff's request for entry of a default judgment as to liability only. By order dated December 27, 1993, the trial court certified for immediate review its December 21, 1993 order. We granted defendant's application for interlocutory appeal and now reverse the trial court's ruling.

1. "In cases such as this, no two are alike and each must stand on its own merits. The facts in each case are different and you must look at each in the light of the facts peculiar to that particular case." *Cobb County Fair Assn. v. Boyle*, 143 Ga. App. 754, 756 (240 SE2d 136) (1977). "Under OCGA § 9-11-55 (b), 'a prejudgment default (may) be opened on one of three grounds *if* four conditions are met. The three grounds are: (1) providential cause, (2) excusable neglect, and (3) proper case; the four conditions are: (1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense. (Cits.)' *Muscogee Realty Dev. Corp. v. Jefferson Co.*, 252 Ga. 400, 401 (314 SE2d 199) (1984). (Emphasis supplied.) 'This court has previously held that the "showing" required by this Code section to be made "under oath" includes the showing of a "meritorious defense." ' *Ragan v. Smith*, 188 Ga. App. 770, 772 (374 SE2d 559) (1988)." *Grayson & Hollingsworth, Inc. v. C. Henning Studios,* 194 Ga. App. 531, 532 (391 SE2d 8) (1990).

Defendant argues that when its motion to open default is considered in combination with Pastor Dickerson's affidavit and defendant's proposed answer and defenses, which were attached to and specifically referred to in the affidavit, the requirement that a meritorious defense be shown under oath is met. We agree. "An 'affidavit framed under th[e] rule must be very full and explicit . . .' *Global Assoc. v. Pan American Communications*, 163 Ga. App. 274, 275 (1) (293 SE2d 481) (1982). However, there is no requirement that the affidavit contain in great detail the factual basis of the proposed defense." *Cohutta Mills v. Hawthorne Indus.*, 179 Ga. App. 815, 816 (348 SE2d 91) (1986). Although Pastor Dickerson's affidavit did not disclose the factual nature of defendant's defenses to the specific allegations of the complaint, paragraph six of the affidavit did specifically refer to defendant's proposed answer and defenses to the complaint, which were attached to the affidavit. Consequently, the proposed answer and defenses are incorporated by reference into defendant's verified motion to open default. See *American Liberty Ins. Co. v. Sanders*, 120 Ga. App. 202 (170 SE2d 249) (1969), rev'd on other grounds, 225 Ga. 796 (171 SE2d 539) (1969).

In its proposed answer, defendant asserts that at the time of the incident in issue, the equipment from which Jimmie Murray fell was not inherently dangerous and that defendant had no knowledge that said equipment could be dangerous. Additionally, defendant asserts

that it was not negligent and that there was adequate supervision on the playground at the time of the incident. These assertions are sufficient to meet the requirement that a meritorious defense be explicitly stated under oath. See *Mars, Inc. v. Moore*, 207 Ga. App. 912, 913 (429 SE2d 299) (1993); *Cohutta Mills v. Hawthorne Indus.*, 179 Ga. App. at 816. Therefore, we find that the trial court erred when it concluded that defendant had not shown the existence of a meritorious defense sufficiently. We also find that the trial court's reliance on *C. W. Matthews Contracting Co. v. Walker*, 197 Ga. App. 345 (398 SE2d 297) (1990), concluding that it had no discretion to open default, was not well founded as the movant in *Matthews* did not set forth any facts in its affidavit relating to its defenses *and* the movant's unverified answer "merely contained general denials of the allegations of the . . . complaint. . . ." Id. at 346.

2. Having found that defendant complied with the four conditions which would authorize the trial court to exercise its discretion in opening default under OCGA § 9-11-55 (b), we must now consider whether defendant's failure to file a timely answer was the result of excusable neglect. We find that it was. "[T]he question of whether to open a default on one of the three grounds noted above rests within the discretion of the trial judge." *Muscogee Realty Dev. Corp. v. Jefferson Co.*, 252 Ga. at 401-402. "However, here as in *Sears, Roebuck & Co. v. Ramey*, 170 Ga. App. 873 (318 SE2d 740) (1984); *American Erectors v. Hanie*, 157 Ga. App. 687 (1) (278 SE2d 196) (1981); and *Cobb County Fair Assn. v. Boyle*, 143 Ga. App. 754, 756 (240 SE2d 136) (1977), ' "there was good cause for defendant to believe that the suit was being defended by [its] insurance company." ' " *Powell v. Eskins*, 193 Ga. App. 144, 145 (387 SE2d 389) (1989). Pastor Dickerson's affidavit, which was not contested during the hearing on the motion to open default, specifically states that all suit papers were turned over to its local insurance agent within one day of their service upon defendant. Additional documentation also was turned over to this agent, and on at least five occasions Pastor Dickerson contacted the agent and was assured that nothing else was required of him or defendant.

It is clear, from the facts of this case, that defendant relied upon its insurance carrier to select counsel and to make sure that defensive pleadings were timely filed. Any neglect by defendant in failing to follow the progress of the case was, therefore, excusable. See *Powell v. Eskins*, 193 Ga. App. at 145. This is especially true, in light of the fact that neither defendant nor its pastor had ever been sued before and that defendant filed its motion to open default within one day of learning of the default. " 'The law should not blindly impose standards which require individuals, in the conduct of their daily business, to distrust the parties with whom they deal. Likewise, a litigant

should not unnecessarily be forced into default as a consequence of having reasonably relied upon the word of his fellow, *particularly* when no innocent party will suffer if default is opened.'" *Sagnibene v. Budget Rent-A-Car Systems*, 209 Ga. App. 44, 46 (432 SE2d 639) (1993). In this 'case we do not believe that plaintiff will be unduly prejudiced by the opening of defendant's default and subsequent trial of the matter on the merits. "Moreover, the law favors reaching the merits of disputes." *Powell v. Eskins*, 193 Ga. App. at 146; see *Houston v. Lowes of Savannah*, 136 Ga. App. 781, 785 (2) (222 SE2d 209) (1975).

Since the evidence demanded a finding of excusable neglect, the trial court abused its discretion in refusing to grant defendant's motion to open default. It follows that the trial court also erred in subsequently granting plaintiff's request for entry of default judgment.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 18, 1994.

*Self, Mullins, Robinson & Marchetti, Richard A. Marchetti,* for appellant.

*Charles A. Gower, G. William Snipes,* for appellees.