A97A1658. ATLANTA MEDICAL ACCOUNTING CORPORATION, INC. v. FINANCIAL SOFTWARE, INC.
(489 SE2d 93)

Judge Harold R. Banke.

Atlanta Medical Accounting Corporation, Inc. ("AMAC") appeals the entry of a default judgment in favor of Financial Software, Inc. ("Financial").

The salient facts are undisputed. Financial filed its complaint against AMAC on October 17, 1996, for amounts purportedly past due on an account. On October 28, AMAC's counsel signed an acknowledgment of the service of the process of summons, complaint, first interrogatories, and requests for production of documents. In executing the acknowledgment, AMAC's counsel agreed to "waiv[e] all additional service of process, waiv[e] issuance of an original Summons, waiv[e] service of a Summons, and waiv[e] service of the Complaint." This acknowledgment of service was file stamped November 11.

When AMAC filed its answer and counterclaim on December 5, 1996, even though its response was more than 30 days past the date when its counsel acknowledged service, AMAC failed to pay late fees. Nearly immediately thereafter, on December 16, Financial moved for the entry of a default judgment. After oral argument, the trial court granted Financial's motion for default judgment for the undisputed amount set forth in the pleadings. AMAC appeals that judgment. *Held*:

AMAC contends that the trial court erred as a matter of law in granting the default judgment because the time to respond had not yet expired for filing its initial answer. AMAC claims that when its counsel signed the acknowledgment he did not realize the complaint had already been filed because the attorneys were still attempting to negotiate a settlement. AMAC argues that it had 30 days to answer from when the acknowledgment of service was filed with the court, not 30 days from when its counsel acknowledged service of the unfiled complaint.

Notwithstanding AMAC's claims to the contrary, expressly acknowledging service of a complaint prior to the commencement of the action is permissible as long as the waiver of service before commencement of the action is limited to a specific suit intended by the parties that is filed without unreasonable delay. *Whitley v. Whitley*, 232 Ga. 866, 867-868 (1) (209 SE2d 199) (1974). Nevertheless, service

of summons, unless waived, is required to notify a defendant of an impending action and his duty to respond within a specified time or incur judgment by default. *Stamps v. Bank South, N.A.*, 221 Ga. App. 406, 408 (1) (471 SE2d 323) (1996); OCGA § 9-11-4 (b). See *Henry & Co. v. Johnson*, 178 Ga. 541 (1) (173 SE 659) (1933) (party may waive process and service of process before action is filed).

In this case, AMAC's counsel expressly waived service of summons in the acknowledgment he executed. Because of the waiver, AMAC was not entitled to receive any further service of the action. *Jones v. Jones*, 209 Ga. 861, 863 (76 SE2d 801) (1953).

After service was made on AMAC's agent under OCGA § 9-11-4 (d) (1), AMAC failed to answer within 30 days as required by OCGA § 9-11-12 (a), and the case automatically went into default. OCGA § 9-11-55 (a). See *Ewing v. Johnston*, 175 Ga. App. 760, 762 (1) (a) (334 SE2d 703) (1985) (30-day period begins to run when defendant served regardless of when return is filed). It is undisputed that AMAC failed to move to reopen the case and did not pay costs within 15 additional days. OCGA § 9-11-55 (a).

For the relief from a judgment by default, there must be a motion, meritorious defense, a legal excuse for late filing, and payment of costs. OCGA § 9-11-55 (b). AMAC presented no legal excuse for its late filing, merely asserting without supporting legal authority that it was entitled to file its answer later than permitted by OCGA § 9-11-12 (a). Further, AMAC's counsel conceded that he had actual notice of the pendency of the suit and even knew the civil action number on or about November 6, approximately 21 days before the answer was due. Under these circumstances, we are not able to conclude that the trial court manifestly abused its discretion in refusing to open the default. *Gowdey v. Rem Assoc.*, 176 Ga. App. 83, 84 (3) (335 SE2d 309) (1985); *Taurus Productions v. Maryland Sound Indus.*, 155 Ga. App. 147, 148 (2) (270 SE2d 337) (1980).

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED JULY 14, 1997.

*Levinson & Paul, Stephen M. Levinson*, for appellant.
*Higgins & Dubner, Steven Dubner*, for appellee.