A97A2123. FOLLMER v. PERRY et al.
(493 SE2d 631)

BLACKBURN, Judge.

Fred C. Follmer appeals the trial court's entry of default judgment, contending that the default should have been opened pursuant

to OCGA § 9-11-55 (b). He also contends the court erred in failing to allow a jury trial on the issue of damages.

Charles R. Perry and Brigitte M. Perry were tenants of a condominium they allege was owned by Follmer and managed by Sheridan, Solomon & Kernaghan, Inc. (SS&K). On September 25, 1996, Charles Perry sued Follmer and SS&K, alleging that the Perrys' property was damaged in a fire at the condominium caused by the defendants' negligence. Brigitte Perry was later added as a party plaintiff upon the motion of SS&K. Follmer was served with the complaint on October 2, 1996.

Follmer failed to timely file an answer, and Perry moved for a default judgment on December 19, 1996. On April 22, 1997, Follmer filed a motion to open the default, claiming that the failure to file an answer was due to excusable neglect. The next day, he filed a demand for jury trial on the issue of damages. On May 1, 1997, the trial court entered default judgment against Follmer.

1. "Under OCGA § 9-11-55 (b), a prejudgment default may be opened on one of three grounds *if* four conditions are met. The three grounds are: (1) providential cause, (2) excusable neglect, and (3) proper case; the four conditions are: (1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense." (Punctuation omitted.) *Pinehurst Baptist Church v. Murray*, 215 Ga. App. 259, 261 (1) (450 SE2d 307) (1994). "The question of whether to open a default on one of the three grounds noted above rests within the discretion of the trial judge." (Punctuation omitted.) Id. at 262 (2); *Muscogee Realty Dev. Corp. v. Jefferson Co.*, 252 Ga. 400, 401-402 (314 SE2d 199) (1984).

"The sole function of an appellate court reviewing a trial court's [denial] of a motion to open default is to determine whether all the conditions set forth in OCGA § 9-11-55 have been met and, if so, whether the trial court abused its discretion based on the facts peculiar to each case." *Majestic Homes v. Sierra Dev. Corp.*, 211 Ga. App. 223, 224 (1) (438 SE2d 686) (1993). Follmer contends that the court erred in refusing to open his default, arguing that his failure to file an answer was caused by excusable neglect. The Perrys do not challenge the existence of the four conditions, but contend that Follmer has not demonstrated excusable neglect.

In his verified motion to open the default, Follmer contended that the condominium was owned by a partnership in which he was a partner. He claimed that, upon receipt of the complaint, he gave the complaint to one of the other partners to deliver to the partnership's local insurance agent, Joe Mullendore. He stated that the complaint was delivered to Mullendore within one week to ten days of service, and that he attempted to contact Mullendore on at least three occa-

sions, but that Mullendore did not return his calls. He claimed that he did not become aware of the default until March 1997, when his wife informed him that she had been contacted by the Perrys' lawyer. Prior to that time, according to the motion, he believed the insurance carrier had hired an attorney and that the case was being handled appropriately.

Follmer contends that this case is controlled by a line of decisions in which we have found excusable neglect where a defendant delivered pleadings to his insurance carrier and believed the carrier was taking the necessary steps to defend the lawsuit. See *Pinehurst Baptist Church*, supra; *Cobb County Fair Assn. v. Boyle*, 143 Ga. App. 754 (240 SE2d 136) (1977); *Sears, Roebuck & Co. v. Ramey*, 170 Ga. App. 873 (318 SE2d 740) (1984); *American Erectors v. Hanie*, 157 Ga. App. 687 (278 SE2d 196) (1981); *Powell v. Eskins*, 193 Ga. App. 144 (387 SE2d 389) (1989). However, we have recognized that "[i]n cases such as this, no two are alike and each must stand on its own merits. The facts in each case are different and you must look at each in the light of the facts peculiar to that particular case." *Cobb County Fair Assn.*, supra at 756; *Pinehurst Baptist Church*, supra at 261 (1); *Sears, Roebuck*, supra at 875.

The present case is distinguishable from the cases relied upon by Follmer. A primary rationale for such decisions was that "a litigant should not unnecessarily be forced into default as a consequence of having reasonably relied upon the word of his fellow." *Cobb County Fair Assn.*, supra at 756; *Pinehurst Baptist Church*, supra at 262-263; *Sears, Roebuck*, supra at 875. Consequently, such decisions have focused on the defendant's diligence and the insurer's assurance that it is handling the case. See, e.g., *Pinehurst Baptist Church*, supra at 262 (defendant contacted insurance agent on five occasions, provided documents to agent, and was repeatedly assured that nothing else was required of defendant); *Cobb County Fair Assn.*, supra at 754-756 (defendant led to believe co-defendant's insurance carrier was assuming defense of defendant).

In this case, however, there is no evidence of such diligence or assurances. Although Follmer had the complaint delivered to the partnership's insurance agent, he never spoke with the agent or received assurance that the insurer was proceeding with the defense. Furthermore, the complaint did not name the partnership as a defendant and alleged that the condominium was owned by Follmer individually. Therefore, it is not clear that the partnership's insurance carrier would have been obligated to provide a defense to a suit naming only Follmer individually. Follmer did not introduce the insurance policy into evidence or otherwise present evidence that the insurer was obligated to provide a defense. Nor did he provide an affidavit from the insurance agent stating that he had led Follmer to

believe the carrier was providing a defense.

Moreover, although Follmer claims that he became aware of the default status sometime in March, he did not file a motion to open the default until April 22 and did not offer an explanation for his delay. Compare *Pinehurst Baptist Church*, supra at 262 (2) ("defendant filed its motion to open default within one day of learning of the default"); *Sears, Roebuck*, supra at 874-875 (defendant took steps to open default the day after learning that suit papers had not been forwarded by insurance agent to carrier); *Cobb County Fair Assn.*, supra at 756 (defendant obtained attorney and filed motion to open default "[i]mmediately upon learning that the attorneys for [co-defendant] had not filed an answer for" defendant). The trial court could take Follmer's unexplained delay into consideration as a factor in determining whether to exercise its discretion to open the default. See *Ga. Farm Bldgs. v. Willard*, 170 Ga. App. 327, 330 (4) (317 SE2d 229) (1984). Under these circumstances, and given the minimal amount of evidence presented by Follmer, it cannot be said that the trial court abused its discretion in refusing to set aside the default on grounds of excusable neglect.

2. Follmer also contends the trial court erred in failing to submit the issue of damages to the jury. OCGA § 9-11-55 (a) provides that "in the event a defendant, though in default, has placed damages in issue by filing a pleading raising such issue, either party shall be entitled, upon demand, to a jury trial of the issue as to damages."

Follmer placed damages in issue by filing his motion to open default with his proposed answer and by filing a demand for jury trial on the issue of damages. Accordingly, he was entitled to a jury trial with respect to damages, and the court erred by entering judgment upon a bench trial. The judgment is therefore vacated, and this case is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment affirmed in part, vacated in part, and case remanded. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED NOVEMBER 6, 1997.

*Lane & Jarriel, Thomas F. Jarriel*, for appellant.
*Stone & Baxter, Stephen L. Dillard*, for appellees.