A04A1841. McBEE v. BENJAMIN.
(612 SE2d 802)

BLACKBURN, Presiding Judge.

Following the trial court's denial of his motion to open default, Norwood M. McBee, M.D., appeals, contending that the trial court erred by finding that his neglect in responding to a malpractice action brought against him was not excusable. For the reasons set forth below, we affirm.

The record in this case reveals that, on June 25, 2003, Junell Benjamin filed a medical malpractice action against McBee, a physician who is an independent contractor of Sterling Medical Corporation. Both Sterling and McBee were separately named as insureds on a malpractice policy issued by Everest Indemnity Insurance Company (Everest Insurance) and paid for by Sterling. As a separately named insured, McBee should have been fully informed about the policy and the identity of Everest Insurance.

One day after being served with Benjamin's complaint, McBee hand delivered it to Sterling's regional manager on June 26, 2003, pursuant to Sterling's internal policies, and the general manager told him that Sterling would take care of matters and she would forward the complaint to Sterling's corporate office in Ohio for processing. Later, on August 6, 2003, McBee was served with an amended complaint, and, again, he contacted Sterling's regional manager who informed him that she would send a messenger to pick up a copy of the document. Approximately two weeks later, on August 18, 2003, Sterling retrieved the document.

Testimony further revealed that Sterling's corporate office in Ohio received both the original complaint and the amended complaint. The original complaint, however, was not routed to the proper recipient after it was faxed, and the amended complaint was misfiled. As a result, neither document was forwarded to Everest Insurance, and Benjamin's complaint against McBee was never timely answered. The case went into default on September 22, 2003.

Although McBee contacted Sterling after receiving the complaint and the amended complaint, he never contacted Everest Insurance to determine whether they had received a copy of the complaint or the amended complaint, despite the fact that Everest Insurance, pursuant to the malpractice policy, ultimately had the duty to defend him against Benjamin's claims. In addition, McBee never asked Sterling to provide him with copies of any documentation reflecting that the lawsuit had been answered. Instead, he relied solely on Sterling, with whom he only had an independent contractor relationship to handle matters for him. And, because McBee never contacted Everest Insurance, it is undisputed that McBee never received any assurances from Everest Insurance that Benjamin's complaint was being answered or that the lawsuit was being defended in any way. Moreover, because McBee never asked Sterling or Everest Insurance to provide him with copies of documents reflecting that his lawsuit was being handled, he never received any evidence that his case would not eventually go into default.

Once the case actually went into default, Benjamin immediately filed a motion for a default judgment, and, on September 24, 2003, the trial court granted Benjamin's motion. The trial court's judgment was served on McBee on September 28, 2003. McBee then notified Sterling's regional manager of the default judgment on September 29, 2003. Sterling, however, failed to get the documents to its corporate offices until October 3, 2003, and the documents were not received by Everest Insurance until October 6, 2003. And, despite the fact that a default judgment had been entered, no motion to open default was filed until October 21, 2003.

Once again, despite all of the earlier problems, McBee wholly relied on Sterling to contact Everest Insurance and made no efforts of his own. And, even if McBee had been confused prior to default regarding which company had the responsibility to retain counsel on his behalf, he knew after default that this responsibility laid with Everest Insurance.

After all of these facts were brought forward at a hearing on McBee's motion to open default, the trial court decided to deny McBee's motion. Under the specific facts of this case, we cannot say that the trial court abused its discretion in reaching this conclusion.

It is well settled that "[t]he sole function of an appellate court reviewing a trial court's [denial] of a motion to open default is to determine whether all the conditions set forth in OCGA § 9-11-55 have been met and, if so, whether the trial court abused its discretion based on the facts peculiar to each case." *Majestic Homes v. Sierra Dev. Corp.*[1] It must be remembered that "[i]n cases such as this, no two are alike and each must stand on its own merits. The facts in each case are different and you must look at each in the light of the facts peculiar to that particular case." *Cobb County Fair Assn. v. Boyle.*[2]

Under the facts of this case, even if one could conclude that McBee justifiably relied on Sterling's assurances prior to the entry of the default, as McBee vociferously argues, his decision to continue such blind reliance following default would support the trial court's finding that his neglect was not excusable. Following default, it should have been clear to McBee that Sterling was not responsible for his defense and that Everest Insurance needed to be contacted. Nevertheless, McBee did not contact Everest Insurance, and, as a result of this decision and Sterling's continued fumbling, no motion to open default was filed until almost a month after default was entered. On this basis, we cannot say that the trial court erred in denying McBee's motion to open default.

Nonetheless, McBee argues on appeal that this Court must determine that the trial court abused its discretion by denying his motion to open default, citing decisions in which we have found excusable neglect where a defendant delivered pleadings *to his insurance carrier* and believed the carrier was taking the necessary steps to defend the lawsuit. See, e.g., *Pinehurst Baptist Church v. Murray*;[3] *Sears, Roebuck & Co. v. Ramey*;[4] *Powell v. Eskins.*[5]

---

[1] *Majestic Homes v. Sierra Dev. Corp.*, 211 Ga. App. 223, 224 (1) (438 SE2d 686) (1993).

[2] *Cobb County Fair Assn. v. Boyle*, 143 Ga. App. 754, 756 (240 SE2d 136) (1977).

[3] *Pinehurst Baptist Church v. Murray*, 215 Ga. App. 259 (450 SE2d 307) (1994).

[4] *Sears, Roebuck & Co. v. Ramey*, 170 Ga. App. 873 (318 SE2d 740) (1984).

[5] *Powell v. Eskins*, 193 Ga. App. 144 (387 SE2d 389) (1989).

These cases, however, are distinguishable from the matter at hand for two reasons. First, such cases involve situations where the defendant communicated directly with the insurance company, not an independent contractor intermediary which was not an agent of the insurance company or the defendant. Second, the defendants in the cases cited by McBee filed motions to open default immediately upon learning that a default judgment had been entered. Unlike those cases, McBee waited almost a month to file his motion, and he has presented no satisfactory explanation for this continued delay. "The trial court could take [McBee's] unexplained delay into consideration as a factor in determining whether to exercise its discretion to open the default." *Follmer v. Perry.*[6]

Accordingly, contrary to McBee's arguments to the contrary, the record does contain some evidence that his neglect contributed to the delayed response to Benjamin's complaint and the delayed filing of his motion to open default. And, as there is evidence supporting the trial court's determination that McBee's neglect in failing to answer Benjamin's complaint against him was not excusable, the trial court did not abuse its discretion by denying his motion to open default.

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED FEBRUARY 23, 2005 —
RECONSIDERATION DENIED MARCH 30, 2005 — 

*Hall, Booth, Smith & Slover, John D. Rogers, Jr., Timothy H. Bendin,* for appellant.

*Fleming, Jackson, Ingram & Floyd, Richard A. Ingram, Jr., Maureen O. Floyd,* for appellee.

---

[6] *Follmer v. Perry,* 229 Ga. App. 257, 260 (1) (493 SE2d 631) (1997).