## A06A0752. CONSTRUCTAMAX, INC. v. ANDY BLAND CONSTRUCTION, INC.

(634 SE2d 168)

BERNES, Judge.

Constructamax, Inc. appeals from the trial court's order denying its motion to open default and entering a default judgment in favor of appellee Andy Bland Construction, Inc. ("ABC"). For the reasons that follow, we affirm.

ABC filed a complaint against Constructamax in the Fulton County Superior Court, alleging that Constructamax owed it an unpaid balance for work performed under a contract for construction of the Fulton County Juvenile Court and the Dunbar Neighborhood Library. Constructamax was served with the complaint at its principal place of business in Long Island, New York, on April 23, 2004. On May 4, 2004, 20 days before the answer was due to be filed, Constructamax's in-house counsel contacted ABC's counsel, indicated that Constructamax intended to retain Georgia counsel and requested an extension of time for the filing of an answer. See OCGA § 9-11-12 (a). ABC's counsel did not agree to an extension, but did agree that he would not move for a default judgment provided Constructamax's answer was filed by June 7, 2004.

Constructamax failed to file an answer by June 7, 2004. On June 15, 2004, Constructamax's in-house counsel and ABC's counsel spoke by telephone again. During this conversation, ABC's counsel stated that he could not reasonably advise his client to agree to an extension of time for the filing of Constructamax's answer in view of Constructamax's failure to obtain local representation for almost two months. He did, however, agree to recommend that ABC forgo filing a motion for default judgment provided Constructamax's answer was filed by June 18, 2004. Constructamax did not file an answer by that date and

had not filed an answer as of August 6, 2004, the date on which ABC filed a motion for default judgment against Constructamax.

On August 10, 2004, Constructamax filed its motion to open default, attaching its proposed answer and counterclaim with an affidavit in support of the motion. Following a hearing on the matter, the trial court denied Constructamax's motion to open default and entered default judgment in favor of ABC. The trial court found that Constructamax had not met the requirements of OCGA § 9-11-55 (b) because it failed to show a meritorious defense and the existence of providential cause, excusable neglect, or a proper case.

1. Constructamax contends that the trial court erred in denying its motion to open default. We disagree.

> Under OCGA § 9-11-55 (b), a prejudgment default may be opened on one of three grounds *if* four conditions are met. The three grounds are: (1) providential cause, (2) excusable neglect, and (3) proper case; the four conditions are: (1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense.

(Citations and punctuation omitted; emphasis in original.) *Pinehurst Baptist Church v. Murray*, 215 Ga. App. 259, 261 (1) (450 SE2d 307) (1994). "The question of whether to open a default on one of the three grounds noted above rests within the discretion of the trial judge." (Citations and punctuation omitted.) *Follmer v. Perry*, 229 Ga. App. 257, 258 (1) (493 SE2d 631) (1997).

Constructamax argues that the trial court erred in finding that it had not established a meritorious defense. We need not resolve this issue because "the defendant must have not only a meritorious defense but [also] a legal excuse for [its] non-appearance." (Citation and punctuation omitted.) *West Court Square v. Assayag*, 131 Ga. App. 690, 691 (2) (206 SE2d 579) (1974). See also *Atlanta Med. Accounting Corp. v. Financial Software*, 227 Ga. App. 311, 312 (489 SE2d 93) (1997). "[O]ne who moves to open a default must allege and prove some reason good in law why he failed to make a defense at the time he was required by law to present it." (Citation and punctuation omitted.) *Minnesota Mut. Life Ins. Co. v. Love*, 120 Ga. App. 502, 503 (171 SE2d 361) (1969).

The only explanation offered by Constructamax for its failure to file a timely answer was its belief that its joint venture partner was retaining local counsel to defend the case. There is no evidence in the record to show that Constructamax was diligent in its efforts to

obtain or confirm representation by local counsel.[1] The record reflects that Constructamax was fully aware of the pending lawsuit at least 20 days before the answer was due to be filed. Constructamax's in-house counsel knew as early as June 7 that Constructamax was in default. By the time Constructamax finally filed its motion to open default two months later, two extended deadlines had expired and approximately 109 days had passed since service of the complaint.[2] Constructamax offered no excuse for this continued delay in moving to open the default, a fact properly considered by the trial court. *McBee v. Benjamin*, 272 Ga. App. 567, 570 (612 SE2d 802) (2005); *Follmer*, 229 Ga. App. at 260 (1). Under these circumstances, it cannot be said that the trial court abused its discretion in denying the motion to open default for failure to show providential cause, excusable neglect, or a proper case. See *McBee*, 272 Ga. App. at 570; *Follmer*, 229 Ga. App. at 260 (1); *Atlanta Med. Accounting Corp.*, 227 Ga. App. at 312; *Bryant v. Haynie*, 216 Ga. App. 430, 431-432 (1) (454 SE2d 533) (1995); *Pulliam v. Nichols*, 202 Ga. App. 95, 96 (413 SE2d 215) (1991). Compare *Sears, Roebuck & Co. v. Ramey*, 170 Ga. App. 873, 874-875 (318 SE2d 740) (1984) (trial court abused its discretion in refusing to open default when appellant undertook to open default on the day after learning that the insurer had failed to answer); *Cobb County Fair Assn. v. Boyle*, 143 Ga. App. 754, 756 (240 SE2d 136) (1977) (trial court abused its discretion in not opening default where appellant was diligent in checking on the status of the case and "did all he could").

2. Constructamax further contends that the trial court abused its discretion in failing to timely consider its motion to open default. Prior to ruling on the pending motions to open default and for default judgment, the trial court conducted a status conference and entered a case management order scheduling deadlines for discovery, pretrial filings, and trial. Constructamax proceeded under the case management order, but now complains that the delay in ruling on the motion caused it to expend unnecessary time and expense.

---

[1] Although Constructamax's in-house counsel, David Suarez, had been communicating with ABC's counsel to request extensions of time to answer, the only affidavit purporting to explain Constructamax's delay was executed by Ali Khanat, who failed to identify his capacity as either an officer or employee of Constructamax. While ABC's counsel submitted an affidavit that provided detailed information and the dates of his contact with Constructamax's in-house counsel, the affidavit of Khanat failed to provide any details and dates from which the promptness of Constructamax's actions could be determined.

[2] We note that the oral agreements between counsel to delay the filing of the motion for default judgment did not effectively extend the time for filing Constructamax's answer since such extensions of time must be by written stipulation of counsel filed in the action. OCGA § 9-11-6 (b). Even if the time had been extended, however, Constructamax failed to meet the extended deadlines as well.

While we sympathize with Constructamax's position, the case management order directed that "[t]he Court . . . be immediately notified . . . of any problem or dispute (disagreements about discovery, scheduling difficulties, . . . etc.) that could delay the deadlines or hearing dates that may be set forth [therein]." The record fails to reflect that Constructamax made any objection to the entry of the case management order or to the requirements and deadlines that it imposed.

> A litigant cannot submit to a ruling, acquiesce in the ruling, and still complain of same. [It] is required to stand [its] ground and fight in order to successfully enumerate as error an alleged erroneous ruling by the trial judge. Acquiescence completely deprives [it] of the right to complain further; [it] has agreed that the trial court's ruling was correct by submitting to it.

(Citation and punctuation omitted.) *Fletcher v. Ellenburg*, 279 Ga. 52, 56 (2) (609 SE2d 337) (2005). Accordingly, this ground affords no basis for reversal.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JULY 11, 2006.

*Louis B. Stout*, for appellant.
*Robert J. Moye III*, for appellee.