A07A1371. BUTTERWORTH v. SAFELITE GLASS
CORPORATION.
(652 SE2d 877)

MIKELL, Judge.

In this appeal, we affirm the trial court's denial of Samuel D. Butterworth's motion to open default and the entry of judgment against him. The relevant facts follow.

The record shows that on May 19, 2006, Safelite Glass Corporation ("Safelite") filed suit on an account against Uni-worth Enterprises, Inc., Jack C. Thomas, and Butterworth, alleging that Uni-worth was indebted to Safelite in the principal amount of $482,546.56, including amounts owed on the account and a promissory note, plus interest and attorney fees; that Thomas was obligated to pay 26 percent of Uni-worth's indebtedness under a guaranty; and that Butterworth was obligated to pay the entire indebtedness under a guaranty. Butterworth was personally served with the suit at his South Carolina residence on June 20, 2006. Thomas filed an answer to the complaint; Uni-worth and Butterworth failed to respond. The trial court entered a default judgment against Uni-worth on August 2, and Safelite voluntarily dismissed Thomas.

---

[30] *Laster v. State*, 268 Ga. 172, 175 (3) (486 SE2d 153) (1997).

Butterworth finally made an appearance on September 1, 2006, when he filed a motion to open the default, along with responsive pleadings. In his verified answer, Butterworth "admit[ted] that [Uni-worth] may be indebted to plaintiff in some amount," but denied it was indebted in the amount alleged in the complaint. The motion also was accompanied by an affidavit in which Butterworth averred that he is a resident of South Carolina; that "soon" after being served with the complaint on June 20, 2006, he "consulted [his] attorney who is based in South Carolina"; that his "attorney incorrectly informed [him] that [he] had at least ninety (90) days in which to file an answer"; that he "believed at this time that an answer would be timely filed"; and that his South Carolina attorney "subsequently" informed him that he would need to retain Georgia counsel, which he did on August 29, 2006. As defenses, the affidavit states "that the amount demanded is not the true amount owed, [and] that the guaranty does not apply to debts allegedly incurred by Uni-Worth after the execution of the guaranty."

Following a hearing, the trial court denied Butterworth's motion to open the default and entered judgment in favor of Safelite for the amounts sought in the complaint. This appeal followed.

1. In his first enumeration of error, Butterworth argues that the trial court abused its discretion in finding that he did not satisfy the four conditions necessary to open the default. We disagree.

> Under OCGA § 9-11-55 (b), a prejudgment default may be opened on one of three grounds *if* four conditions are met. The three grounds are: (1) providential cause, (2) excusable neglect, and (3) proper case; the four conditions are: (1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense.[1]

"Generally, the opening of a default rests within the sound discretion of the trial court."[2] Compliance with the four conditions, including the necessity of setting up a meritorious defense, however, is a condition precedent; absent the showing of a meritorious defense, a trial court has no discretion to open a default.[3] Furthermore, the

---

[1] (Citations and punctuation omitted; emphasis in original.) *Pinehurst Baptist Church v. Murray*, 215 Ga. App. 259, 261 (1) (450 SE2d 307) (1994); *C. W. Matthews Contracting Co. v. Walker*, 197 Ga. App. 345, 346 (1) (398 SE2d 297) (1990).

[2] (Citation and punctuation omitted.) *Forrister v. Manis Lumber Co.*, 232 Ga. App. 370, 373 (3) (501 SE2d 606) (1998).

[3] Id.; see also *Global Assoc. v. Pan American Communications*, 163 Ga. App. 274, 275 (1) (b) (293 SE2d 481) (1982).

failure to make this showing is, in and of itself, fatal to the motion to open default, such that no other condition need be considered.[4] In order to establish a meritorious defense, a defendant must demonstrate that the outcome of the case "may be different" if the motion is granted.[5] But, in making that showing, a defendant cannot rely on mere conclusions; he must set forth facts that establish the essential elements of a meritorious defense.[6] We recognize that the affidavit offered in support of the motion to open default need not "contain in great detail the factual basis of the proposed defense."[7] In the case at bar, however, Butterworth's affidavit is completely devoid of facts and details that would provide a defense to the action. Butterworth merely asserts that the amount sought by Safelite is not the "true" amount owed. Butterworth "provided no basis for the trial court to determine that a meritorious defense had been factually raised."[8] At best, the affidavit amounts to a general denial that Butterworth is indebted to Safelite for the full amount claimed.[9] Accordingly, the affidavit was insufficient to establish a meritorious defense. It follows that the trial court did not abuse its discretion in refusing to open the default.

2. In his second enumeration of error, Butterworth argues that the trial court abused its discretion in failing to open the default on the ground of excusable neglect. Again, we disagree. Even if Butterworth had established a meritorious defense, we would nevertheless affirm the judgment of the trial court. A trial court does not abuse its discretion in refusing to open a default unless the defendant has alleged and proved "some reason good in law why he failed to make a defense at the time he was required by law to present it."[10] Here, Butterworth blames his South Carolina attorney for his failure to answer the complaint in a timely manner. Butterworth offers no details as to when he consulted with his attorney or when his attorney advised him to retain Georgia counsel. Butterworth merely states that he was informed that he had 90 days to answer the complaint,

---

[4] *Global Assoc.,* supra.

[5] (Footnote omitted.) *Exxon Corp. v. Thomason,* 269 Ga. 761 (1) (504 SE2d 676) (1998).

[6] *Forrister,* supra.

[7] *Cohutta Mills, Inc. v. Hawthorne Indus.,* 179 Ga. App. 815, 816 (1) (a) (348 SE2d 91) (1986).

[8] *Lucas v. Integrated Health Svcs. of Lester,* 268 Ga. App. 306, 310 (2) (601 SE2d 701) (2004).

[9] Compare *Sprewell v. Thompson & Hutson, South Carolina, LLC,* 260 Ga. App. 312, 313 (1) (581 SE2d 322) (2003) (counsel's affidavit amounted to nothing more than general denial that defendant was not indebted to plaintiff) with *Cohutta Mills,* supra (counsel's affidavit set forth explicit facts and supporting documents in support of defense).

[10] (Citation omitted.) *Minnesota Mut. Life Ins. Co. v. Love,* 120 Ga. App. 502, 503 (171 SE2d 361) (1969).

although the summons with which he was served clearly states that he was required to file an answer to the complaint within 30 days after service, or else suffer judgment by default. But even assuming that Butterworth moved promptly to obtain the advice of South Carolina counsel, it cannot be said that he proved a "legal excuse for his non-appearance."[11] That is because the neglect of Butterworth's attorney is attributable to him and cannot suffice to excuse his failure to file a timely answer.[12]

*American Erectors v. Hanie,*[13] and *Cobb County Fair Assn. v. Boyle*[14] upon which Butterworth relies, do not mandate a contrary result. In those cases, the defendants delivered the complaints to their insurance agents and received assurances that the suits were being defended.[15] Conversely, in the instant case, Butterworth neither sought nor received any such assurances.[16] Accordingly, the trial court did not abuse its discretion in refusing to open the default on the ground of excusable neglect.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 17, 2007.

*Raley & Sandifer, G. Brian Raley,* for appellant.
*J. Michael Kaplan, Charles M. Gisler,* for appellee.

---

[11] (Citation omitted.) *West Court Square v. Assayag,* 131 Ga. App. 690, 691 (2) (206 SE2d 579) (1974). Accord *Constructamax v. Andy Bland Constr.,* 280 Ga. App. 403, 404 (1) (634 SE2d 168) (2006).

[12] See *U. S. Xpress v. W. Timothy Askew & Co.,* 194 Ga. App. 730 (391 SE2d 707) (1990) (neglect of attorney was neglect of client and furnished no excuse to set aside judgment).

[13] 157 Ga. App. 687 (278 SE2d 196) (1981).

[14] 143 Ga. App. 754 (240 SE2d 136) (1977).

[15] *American Erectors,* supra at 688-689 (1); *Cobb County Fair Assn.,* supra at 755-756.

[16] See *Follmer v. Perry,* 229 Ga. App. 257, 259 (1) (493 SE2d 631) (1997) (cases such as this differ on the facts, no two are alike, and each must be judged on its own merits).