### A08A1280. WATER VISIONS INTERNATIONAL, INC. v. TIPPETT CLEPPER ASSOCIATES, INC.
(666 SE2d 628)

MIKELL, Judge.

Water Visions International, Inc. ("WVI"), appeals from the trial court's order denying its motion to open default and entering a default judgment in favor of appellee Tippett Clepper Associates, Inc. ("TCA"). For the reasons that follow, we affirm.

TCA, an architecture and planning corporation, filed a complaint against WVI in the Forsyth County State Court, alleging that

---

WVI owed it an unpaid balance for work performed under a letter agreement for consulting services related to the construction of WVI's laboratory and office space. WVI was served with the complaint through its registered agent, Arthur Johnson, on June 16, 2004. On July 14, 2004, TCA's counsel stipulated to an extension of time, through and including August 16, 2004, for WVI to file its answer. WVI did not file an answer by that date and had not filed an answer as of October 20, 2004, the date on which TCA filed a motion for default judgment against WVI. On October 27, 2004, WVI filed an answer and a motion to open default, verified by Johnson. Following WVI's motion for a continuance, a hearing on the motion for default judgment was held on May 9, 2005. On December 19, 2007, the trial court denied WVI's motion to open default and entered default judgment in favor of TCA. The trial court found that WVI had not met the requirements of OCGA § 9-11-55 (b) because it failed to show a meritorious defense.

1. At the outset, we address TCA's motion to strike WVI's brief. Citing OCGA § 24-3-37, TCA requests that we strike — or excise portions of — WVI's brief because it discloses terms discussed in mediation.

> Neither the Appellate Practice Act nor the Rules of this court provide for formal striking of references from briefs, but this [C]ourt may only consider matters of record in the court below. Assertions of fact made in briefs not supported by the record are not considered.[1]

Regardless of whether the terms of settlement are inadmissible under OCGA § 24-3-37, they were never made part of the record below and, therefore, will not be considered on appeal. The motion to strike is denied as moot.

2. WVI contends that the trial court erred in finding that it had not established a meritorious defense. We disagree.

Under OCGA § 9-11-55 (b), a prejudgment default may be opened on one of three grounds *if* four conditions are met. The three grounds are: (1) providential cause, (2) excusable neglect, and (3) proper case; the four conditions are: (1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense.[2] "The question of whether to open a default on one of the three grounds noted above

---

[1] (Citation omitted.) *Green v. Sun Trust Banks*, 197 Ga. App. 804 (1) (399 SE2d 712) (1990).

[2] See *Flournoy v. Wells Fargo Bank, N.A.*, 289 Ga. App. 560, 562 (1) (657 SE2d 625) (2008).

rests within the discretion of the trial judge."[3]

> Compliance with the four conditions, including the necessity of setting up a meritorious defense, however, is a condition precedent; absent the showing of a meritorious defense, a trial court has no discretion to open a default. Furthermore, the failure to make this showing is, in and of itself, fatal to the motion to open default, such that no other condition need be considered. In order to establish a meritorious defense, a defendant must demonstrate that the outcome of the case "may be different" if the motion is granted.[4]

In order to make that showing, "the defendant must set forth facts that show the existence of the essential elements of such defense even though there is no requirement that the affidavit [or other sworn statement] contain in great detail the factual basis of the proposed defense."[5] WVI's sworn motion is completely devoid of facts and details that would provide a defense to the action. Johnson merely asserts that "[WVI] has a meritorious defense to the claims of [TCA], to-wit: A) [WVI] is not indebted to [TCA] for any sums, whatsoever; B) [TCA] is entitled to no relief, whatsoever, from [WVI]." This general denial is insufficient to establish a meritorious defense.[6] Moreover, though paragraph 8 of WVI's answer arguably asserts a defense, that WVI denies having approved the scope of work for which TCA seeks payment, the answer is not sworn or otherwise under oath, and is, therefore, equally insufficient under the Code section.[7] Accordingly, the trial court did not err in refusing to open default because WVI failed to show the existence of a meritorious defense.

3. WVI also contends that the trial court failed to comply with the provisions of OCGA § 15-6-21 when it issued its order denying the motion to open default judgment two and one half years after the hearing, thus increasing three-fold WVI's liability for prejudgment interest. That Code section provides that

---

[3] (Citation and footnote omitted.) *Collier v. Cawthon*, 256 Ga. App. 825, 826 (1) (570 SE2d 53) (2002).

[4] (Footnotes omitted.) *Butterworth v. Safelite Glass Corp.*, 287 Ga. App. 848, 849-850 (1) (652 SE2d 877) (2007).

[5] (Citation and punctuation omitted.) *Forrister v. Manis Lumber Co.*, 232 Ga. App. 370, 373 (3) (501 SE2d 606) (1998). Compare *Cohutta Mills v. Hawthorne Indus.*, 179 Ga. App. 815, 816 (1) (a) (348 SE2d 91) (1986) (counsel's affidavit, which explicitly stated defenses, was statutorily sufficient to open default).

[6] See *Butterworth*, supra at 850 (1) (assertion that amount sought was not the amount owed was insufficient).

[7] See *Forrister*, supra.

[i]n all counties with more than 100,000 inhabitants, it shall be the duty of the judge of the superior, state, or city court, unless providentially hindered or unless counsel for the plaintiff and the defendant agree in writing to extend the time, to decide promptly, within 90 days after the same have been argued before him or submitted to him without argument, all motions for new trials, injunctions, demurrers, and all other motions of any nature.[8]

There is no evidence that WVI ever sought a ruling after the 90-day period had expired. Nevertheless, "[t]he only remedies for violation of the statute [relied on by WVI] are mandamus and impeachment of the judge."[9] Accordingly, while we do not condone the trial court's 954-day delay in issuing its order, we conclude that the enumeration is without merit.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED AUGUST 13, 2008.

*Heidi A. Honis, Aubrey T. Villines, Jr.*, for appellant.
*Albert L. Norton, Jr.*, for appellee.

---

[8] OCGA § 15-6-21 (b).
[9] (Citation and punctuation omitted.) *Bonner v. Smith*, 226 Ga. App. 3, 4 (3) (485 SE2d 214) (1997).